# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

THIRD DISTRICT—NOVEMBER TERM, 1898.

## Wabash Railroad Company v. Mary M. Coker.

1. NEGLIGENCE — *Responsibility for the Consequences.*—A person guilty of negligence, or an unlawful act, is to be held responsible for all the consequences of his act or negligence, which a prudent and inexperienced man, fully acquainted with all the circumstances existing at the time, would have thought reasonable to follow, if they had occurred to his mind.

2. SAME—*When the Proximate Cause of an Injury.*—The proximate cause of an injury must be that which, in a natural and continuous sequence, unbroken by any new and independent cause, produces the event, and without which it would not have occurred.

3. SAME—*The Breach of Duty Must be the Proximate Cause.*—The breach of duty upon which an action is brought must not only be the cause, but the proximate cause, of the damages to the plaintiff.

4. SAME—*What is Not a Proximate Cause.*—A railroad company blocked a street crossing for a longer time than ten minutes contrary to the statute, in consequence of which the plaintiff and her husband, who were driving upon the public highway, were detained, and while so detained, another party drove up with a horse and buggy, and also waited for the crossing to be cleared. While these several persons were upon the highway awaiting the crossing to be cleared, the engine coupled to the cars then upon the crossing, at which the other party's horse took fright, and caused his buggy to strike the wagon in which the plaintiff and her husband were seated, causing the plaintiff to be thrown upon the ground, whereby she was injured. *It was held* that the blocking of the crossing was not the proximate cause of her injury.

**Action in Case,** for personal injuries. Trial in the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the November term, 1898. Reversed, with a finding of facts. Opinion filed February 7, 1899. Rehearing denied.

Geo. B. Burnett, attorney for appellant.

The blocking of the crossing was not the proximate cause of the injury to plaintiff. Shearman and Redfield on Neg., Sec. 739; Pollock on Torts, 36, 37; Bishop, Non-Contract Law, Sec. 41; Webber's Pollock on Torts, 32; Cooley on Torts, 73; Beach on Contributory Negligence, 32; R. R. Co. v. Kellogg, 94 U. S. 469; R. R. Co. v. Reeves, 10 Wall. 176; Stanton v. R. R. Co., 91 Ala. 382; Selleck v. R. R. Co., 58 Mich. 195; R. R. Co. v. Staley, 41 Ohio St. 118; Fent v. R. R. Co., 59 Ill. 349; City of Rockford v. Tripp, 83 Id. 247; Shugart v. Egan, Id. 56; Phillips v. Dickerson, 85 Id. 11; Craven v. Braun, 73 Ill. App. 189.

Robert H. Patton, attorney for appellee, contended that whether the act of the defendant in unlawfully obstructing the highway was the proximate cause of the injury is a question of fact for the jury, and there being evidence to support their finding, it is conclusive. Fent v. T., P. & W. R. R. Co., 59 Ill. 349; City of Rock Falls v. Wells, 169 Ill. 224; T., P. & W. R. R. Co. v. Pindar et al., 53 Ill. 448; Shearman and Redfield on Negligence, Sec. 55.

The court could not have decided this as a matter of law.

The Supreme Court of this State in the case of Offutt v. World's Col. Ex. Co., opinion filed October 24, 1898, reported N. E. Rep., Vol. 51, page 651, has exhaustively reviewed the law upon this point, and in conclusion use the following language with reference to motion to exclude the evidence:

" It is true that such motions are not to be regarded with favor. The province of the jury must not be invaded (Frazer v. Howe, 106 Ill. 563), and where reasonable minds, acting within the limitations prescribed by the rules of law, might reach different conclusions, the evidence must be submitted to the jury."

If the plaintiff, while observing due care for her personal safety, was injured by the combined result of a runaway

horse and the unlawful act of the defendant, and without such unlawful act the injury would not have occurred, the defendant is liable, although the runaway horse be the primary cause of the injury, if the consequences could, with common prudence and sagacity, have been seen and provided against by the defendant. City of Rock Falls v. Wells, 169 Ill. 227; City of Joliet v. Verley, 35 Ill. 58; City of Lacon v. Page, 48 Ill. 500; Village of Carterville v. Cook, 129 Ill. 152; City of Joliet v. Shufeldt, 144 Ill. 403; Weick v. Lander, 75 Ill. 93; Dillon on Munic. Corp., Sec. 1007; C. & A. R. R. Co. v. Nelson, 53 Ill. App. 151.

"It is universally agreed that, if the damage is caused by the concurring force of the defendant's negligence and some other cause for which he is not responsible, including the 'act of God,' or superior human force directly intervening, the defendant is nevertheless responsible, if his negligence is one of the proximate causes of the damage, within the definition already given. It is also agreed that, if the negligence of the defendant concurs with the other cause of the injury in point of time and place, or otherwise so directly contributes to the plaintiff's damage that it is reasonably certain that the other cause alone would not have sufficed to produce it, the defendant is liable, notwithstanding he may not have anticipated or been bound to anticipate the interference of the superior force, which, concurring with his own negligence, produced the damage." Shearman and Redfield on Negligence, Sec. 39; see also Pullman Palace Car Co. v. Laack, 143 Ill. 261; 2 Thompson on Negligence, 1085, Sec. 3; Bishop on Non-Contract Law, Sec. 39, 450, 452; Con. Ice Machine Co. v. Keifer, 134 Ill. 481; Selleck v. Lake Shore & M. S. Co., 18 L. R. A. 154; Peterson v. C. W. M. R. Co., 64 Mich. 621; Young v. Detroit G. H. & M. R. Co., 56 Mich. 430; C. & N. W. R. Co. v. Prescott, 59 Fed. Rep. 237; Campbell v. City of Stillwater, 32 Minn. 308.

The wrongful act of defendant in this case can not be regarded as too remote, and the proximate cause, the running away of the horse, because the original wrongful act of defendant, was in and of itself a violation of the statutory

law of the State.   L. Wolff Mfg. Co. v. Wilson, 152 Ill. 14;
Star & C. Stat., Chap. 114, paragraph 83.

PER CURIAM.

This was an action by appellee against appellant for neg-
ligence in blocking a street crossing for a longer time than
ten minutes, contrary to the statute.  A trial by jury resulted
in a verdict and judgment against appellant for $1,500,
from which it appeals, and argues as the principal error, for
which a reversal is sought, the refusal of the trial court to
give to the jury a peremptory instruction directing a verdict
for the appellant.

It appears from the evidence that appellant blocked the
street or highway crossing for. more than ten minutes, con-
trary to the provisions of section 14 of the act in relation to
the fencing and operating railroads, in consequence of which
appellee and her husband, who were driving upon the public
highway, were detained at the crossing for a period of time
in excess of ten minutes.  While so detained McKowen
drove up with horse and buggy, who also awaited the
crossing to be cleared.  While these several persons were
upon the highway awaiting the crossing to be cleared, the
engine of appellant coupled to the cars then upon the high-
way crossing, at which McKowen's horse took fright, and
thereby caused his buggy to strike the wagon in which
appellee and her husband were then seated, thereby causing
appellee to be thrown upon the ground, whereby she was
injured.

The question argued is that the injuries so caused to appel-
lee are remote from the alleged unlawful or negligent act
of appellant, and that such unlawful act or negligence was
not the proximate cause of the injuries sustained by appel-
lee; that from the mere fact of the excess of time beyond
ten minutes, during which the street was obstructed, the
appellant could not reasonably have foreseen such an injury.

The only negligent or unlawful act claimed against appel-
lant is the obstruction of the crossing by its cars or engine
for a period of time in excess of ten minutes.  It is not con-

tended that the obstruction cause the fright of McKowen's horse, but the fact is it was frightened by the noise of the engine and the striking of the cars together, no breach of duty whatever being attributed to those latter acts.

The breach of duty upon which an action is brought, must not only be the cause, but the proximate cause, of the damages to the plaintiff. The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause, produced that event, and without which that event would not have occurred. Here the breach of duty is that of obstructing the highway in excess of ten minutes. How can it be inferred that appellee would not be injured in the manner she was by an obstruction of just ten minutes, and that injury would follow if the time was extended beyond that period? A person guilty of negligence, or an unlawful act, should be held responsible for all the consequences which a prudent and experienced man, fully acquainted with all the circumstances which in fact existed, would at the time of the negligent or unlawful act, have thought reasonably to follow, if they had occurred to his mind. It could no more be reasonably thought that detention and accident would follow an obstruction to the crossing for an excess of lawful period, than for such time as the law permitted, and for the latter there is no pretense of liability. Then why for the former, when neither could reasonably have been anticipated? The burden of proof was upon appellee to prove not only a breach of duty, but also that she was injured in consequence of such breach. This we think she failed to do, and there was no cause of action, and it was error to refuse the peremptory instruction, and for this error the judgment of the Circuit Court will be reversed.

**Finding of Facts** to be recited in the final order of this court:

And the court finds as a fact from the evidence in the case that the breach of duty alleged in the declaration was not the proximate cause of the injury to appellee for which he seeks to recover.