DETERMINED IN THE

# FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

### DURING THE YEAR 1904.

---

### Mike Strojny v. Griffin Wheel Company.

#### Gen. No. 11,281.

1. STATUTE OF LIMITATIONS — *when plea of, properly sustained.* Where the original declaration fails to show a cause of action, and a cause of action is for the first time shown by an amended count filed more than two years after the injury sued for, a plea of the Statute of Limitations is properly sustained.

2. DECLARATION—*when, fails to allege actionable negligence.* Held in this case that the declaration fails to allege actionable negligence in the matter of the removal of metal from tubs.

3. PROXIMATE CAUSE—*what is.* The proximate cause of an injury is that which in a natural and continuous consequence, unbroken by any new and independent cause, produces the event, and without which it would not have occurred.

4. PROXIMATE CAUSE—*what not.* Held in this case that the failure of the defendant company to employ a sufficient number of men to do a certain act was not the proximate cause of the injury sued upon.

Action on the case for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed October 4, 1904. Rehearing denied October 18, 1904.

P. H. O'DONNELL and WILLIAM DILLON, for appellant.

ALBERT E. DACY, for appellee.

MR. PRESIDING JUSTICE STEIN delivered the opinion of the court.

While in the employ of appellee appellant was injured.

(550)

Within two years thereafter he brought suit against appellee to recover damages and filed a declaration consisting of two counts, to which appellee demurred.  More than two years after the injury appellant filed an amended declaration, also consisting of two counts, which were subsequently amended.  To the amended declaration, as amended, pleas of the general issue and the Statute of Limitations were interposed.  A demurrer to the plea of the statute was overruled, and judgment rendered against appellant from which he appeals.

If the original declaration failed to show a cause of action, and a cause of action was shown for the first time by the amended one, the plea of the statute was properly sustained.  Foster v. Hospital, 191 Ill. 94.

The substance of the first original count is that appellant was employed as a laborer in appellee's foundry to convey molten metal in tubs from the furnace to the molding beds; that appellee negligently failed to furnish sufficient help to remove the molten metal which would congeal and adhere to the tubs, and negligently permitted the congealed metal to accumulate on the tubs because of an insufficiency of help to remove it in time; that to prevent the tubs from " stopping up " with the congealed metal it became necessary to knock it off with a pick, which knocking was dangerous on account of the splattering of the metal; that such danger was known to appellee, but unknown to appellant; that " a certain other servant of the defendant upon whom said extra work of cleaning said tubs was imposed by the defendant, to wit, a molder," attempted to knock off said congealed metal, " and in his efforts to perform said extra service," and while appellant was in the exercise of due care, " a piece of slag or molten metal then and there necessarily and unavoidably hit plaintiff in, to wit, the face and right eye," thereby inflicting the injury sued for.

The only negligence for which by this count appellee is sought to be held is that it did not furnish enough help to remove the congealed metal from the tubs and suffered the

same to accumulate thereon. There is no allegation that the "certain other servant * * * upon whom said extra work of cleaning said tubs was imposed by the defendant, to wit, a molder," was unfit or incompetent for doing the work, or that appellee was negligent in selecting him to do it, or that he did it in a negligent manner. It cannot even be said that there is an implied charge of negligence in the averment that "a molder" was directed by appellee to do "said extra work of cleaning said tubs." It nowhere appears that the doing of this work required any skill, or that any person having the necessary strength could not do it. It is not alleged, except as a possible inference from the phrase "said extra work," that the molder in knocking off the metal was working outside of the regular scope of his employment, and it does not appear that in reality the work was "extra." The pleader assumes that it was. There is nothing to which the word "said" immediately before "extra" refers or can be taken to refer.

Were we at liberty (which under the rules of pleading we are not) to indulge in intendments favorable to the pleader and to absolve him from the duty cast upon him by the law to leave nothing to inference but to state affirmatively and directly the facts upon which he relies for a recovery, we would still under the above language be unable to hold that the count charges appellee with any negligence in the matter of the removal of the metal from the tubs. The negligence that is charged relates exclusively to the accumulation of the metal on them.

The question then arises, was this negligence, to wit, the failure of appellee to employ a sufficient number of men to prevent the accumulation, the proximate cause of appellant's injury? In our opinion it was not. The proximate cause of an injury is that which in a natural and continuous consequence, unbroken by any new and independent cause, produces the event and without which it would not have occurred. An intervening sufficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury, and it becomes the direct and immediate—that is, the proximate—

Strojny v. Griffin Wheel Co.

cause of the injury. The test is, was it a new and independent force, acting in and of itself in causing the injury, and superseding the original wrong so as to make it remote in the chain of causation? Pullman Palace Car Co. v. Laack, 143 Ill. 242; Wabash R. R. Co. v. Coker, 81 Ill. App. 660; Griffin v. R. R. Co., 101 Ill. App. 284. There was no immediate causal connection between the accumulation of the metal and the happening of the injury. It was not the accumulation that caused the injury, but the act of the molder in knocking off the metal; and this was a new and independent force that broke the causal connection. From the mere fact of accumulation it did not necessarily or absolutely follow that the metal would be removed from the tubs; it might and it might not. The tubs or some of them might have been discarded from use on account of the excessive accumulation or for any other reason appearing sufficient to appellee. Our conclusion is that this count discloses no actionable negligence on the part of appellee.

The second original count alleges that appellee negligently permitted the hole or mouth of one of said tubs to become choked up with the congealed metal and negligently failed " to provide a servant specially   *   *   *   to keep" the hole or mouth of said tubs open, " but instead thereof required certain of its other servants to do said work in addition to their regular and usual duties, and while, to wit, a molder was then and there engaged in said extra work of cleaning said hole or mouth and was attempting to knock off the congealed metal," a piece of said metal, by reason of said negligence, hit and injured appellant's right eye. There is but little difference between the two counts; and nearly all we have said about the first is true of the second. No negligence is charged against appellee in the selection of the molder who attempted to remove the metal. It is not charged that he removed it negligently. The negligent act of permitting the mouth of the tubs to become choked was not the proximate cause of the injury.

The judgment of the Circuit Court is therefore affirmed.

*Affirmed.*