### Jacob Yunkes v. Latrobe Steel & Coupler Company.

Gen. No. 12,890.

1. NEGLIGENCE—*what essential to constitute actionable.* Conduct will not be deemed actionable negligence where it was not of such a character as might reasonably be expected in the natural and ordinary course of things to produce the result which followed.

Yunkes v. Latrobe S. & C. Co.

Action in case for personal injuries. Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed February 1, 1907.

**Statement by the Court.** This is a writ of error from a judgment in an action on the case for personal injuries upon a verdict directed by the court for the defendant at the close of plaintiff's case. The defendant offered no evidence.

The declaration, consisting of two counts, alleges the employment of the plaintiff as a laborer by defendant, and that plaintiff's duties were to push a certain car upon and along a certain railroad track; that defendant should have used reasonable care to furnish plaintiff a reasonably safe place in which to work, but in this negligently failed, in that it left a certain pillar or post in too close proximity to said railroad track, and did not keep said track clear, but left thereon a board crossing the same, so that when said car bounded back by striking the board left upon the track, plaintiff's arm was caught between the pillar or post and the car and the bones were crushed and he was otherwise injured. A plea of not guilty was filed by the defendant.

The evidence offered by the plaintiff tended to show that plaintiff was employed as a laborer around the plant of defendant. He had been a helper in a knuckle gang and engaged in tearing down a furnace until the day of the accident. On that day, about ten o'clock in the morning, Harris, the foreman, told plaintiff to work under a man named Nehmeyer and help bring iron plates from a pile about a block west of the furnace to the furnace. Plaintiff reported to Nehmeyer and was set at work with him and a man named Bener moving heavy iron plates. A track ran up grade from the pile of plates to the furnace. The plates were placed on a flat car which ran on the track and the car was pushed by the men to the furnace, five plates being loaded on the car at a time.

On the occasion in question plaintiff was pushing on the rear end of the car straddling the north or left rail of the track. Bener was on the right side of plaintiff, and Nehmeyer on the right side of the car. When about twenty feet from the furnace the car struck a plank lying across the track, and rebounding, caught plaintiff's arm between the corner of the car and a post standing near the track, his hand being on the car and his elbow against the post, and caused a fracture of plaintiff's forearm.

Plaintiff had not worked at that work before that day, and had pushed but two or three carloads before he was injured. Plaintiff says he did not know the post was there. The plank on the track was about twelve feet long, two inches thick and ten inches wide. It had been placed there and used to wheel brick over from the pit to the furnace by outside parties who were building the furnace. The plank had been across the track on that day before plaintiff was injured.

EDWARD MAHER and ROBERT F. KOLB, for plaintiff in error.

HERRICK, ALLEN, BOYESEN & MARTIN, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The question as to whether or not the court erred in directing a verdict turns upon the averments of negligence in the declaration, and whether the evidence with all inferences properly to be drawn therefrom fairly tends to prove plaintiff's cause of action set out in the declaration. I. C. R. R. Co. v. Harris, 184 Ill. 57; Boyce v. Tallerman, 183 Ill. 115, 119; Offut v. World's Col. Ex., 175 id. 472.

In order to warrant a recovery in this case under the averments of the declaration, it was necessary for the plaintiff to show not only that the defendant was negligent in maintaining the post near the track, but

also that the injury to the plaintiff was such as might reasonably be expected in the natural and ordinary course of things to flow from the act of so maintaining the post. Braun v. Craven, 175 Ill. 401. In the above case it is held, at page 405, that "damages which are recoverable for negligence must be such as are the natural and reasonable results of defendant's acts, and the consequences must be such as, in the ordinary course of things, would flow from the acts and could be reasonably anticipated as a result thereof. * * * Remote damages are such as are the unusual and unexpected result, not reasonably to be anticipated from an accident or unusual combination of circumstances, a result beyond and over which the negligent party has no control. The law regards only the direct and proximate results of negligence as creating a liability against the defendant."

In Griffin v. C. & W. I. R. R. Co., 101 Ill. App. 284, 287, it is said: "The proximate cause of an accident is that from which, in conformity to well known laws, the accident naturally resulted. The injury must proceed in an ordinary, natural sequence from the negligence complained of, or a recovery can not be had. Wharton on Negligence, sec. 97; Cody on Torts, 73."

The first count of the declaration alleges as the negligent act the permitting of the post to stand too close to the track; and the second count alleges the leaving of a board or obstruction upon the track and the post too close to the track.

The evidence tends to show that the plank was placed on the track by persons not connected with the defendant. It appears from the evidence of the witness Bener that the plank in question had been used for wheeling brick across the track from the pit to the furnace. The furnace referred to was in process of construction by "outside parties" and not by the defendant, and that the men who were at work upon it were not working for the defendant.

It further appears that the plank had been on the

track from time to time on the day of the accident. It does not appear from the evidence, however, that it had interfered with the passage of the car at any time prior to the accident. There is no evidence tending to show that the defendant had ever authorized the track to be obstructed in this manner, or that it was usually and ordinarily so obstructed. In our opinion, therefore, the defendant cannot be held liable for that act for which it does not appear to be responsible under the evidence.

The negligent act of placing the plank across the track is eliminated, therefore, by the evidence from the case.

The question of negligence then arising upon the record is confined to the question whether defendant was negligent in providing an unsafe place for plaintiff to work in; and that question resolves itself into the specific question whether the place was unsafe by reason of the existence and location of the post, for no other element or feature of the situation is or could be claimed to have rendered the place unsafe under the evidence.

Did the injury, then, follow in a natural and ordinary sequence from the alleged negligent act of the defendant in allowing the post to stand as it did with reference to the track?

The evidence shows that in pushing the car up the grade plaintiff had safely passed the post. If no other cause had intervened all danger from the post, if there was any, had been passed and as the plaintiff and the men working with him proceeded in their trip to the place where the iron plates were to be taken, the post would have been left farther and farther in the rear. Indeed, so far as this record informs us, there was no possible danger from the post to be apprehended reasonably, unless the car immediately after passing it was caused to run back towards it while the plaintiff and his associates were still in their places at the rear end of the car. And if this should happen, not only

the post but every inequality of the ground, the ties on which the rails were laid and the rails themselves would become dangerous. It was not the post, therefore, but the unlooked for and unexpected backward movement of the car after it had passed the post which created the danger. This backward movement of the car, as the evidence affirmatively shows, was caused by the plank on the track placed there by a stranger to the defendant. The post, therefore, was not the proximate cause of the injury to plaintiff. The injury to the plaintiff did not proceed in a natural and ordinary sequence from the act of defendant in maintaining the post. It was not such a consequence of the act of maintaining the post "as in the ordinary course of things would flow from the act and could be reasonably anticipated as a result thereof." It was, on the other hand, we think, "an unusual and unexpected result, not reasonably to be anticipated from an accidental or unusual combination of circumstances."

As was said in Strojny v. Griffin Wheel Co., 116 Ill. App., 550, 552: "The proximate cause of an injury is that which in a natural and continuous consequence, unbroken by any new and independent cause, produces the event and without which it would not have occurred. An intervening sufficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury, and it becomes the direct and immediate—that is, the proximate—cause of the injury. The test is, was it a new and independent force, acting in and of itself in causing the injury, and superseding the original wrong so as to make it remote in the chain of causation." See also Pullman Palace Car Co. v. Laack, 143 Ill. 242; 2 Thompson on Negligence, 1089; Wharton, Law of Negligence (2nd Ed.), sec. 134.

If there is any evidence tending to show that the wrong complained of was the proximate cause of the injury it is a question for the jury. Schulte v. Sleeper, 210 Ill. 357. In our opinion there is no evidence in

this record from which any inference can be drawn tending to sustain the plaintiff's case as set out in his declaration. Whether there is any evidence tending to support the plaintiff's case or not is a question of law for the court. The court did not err in directing a verdict.

From the facts in evidence it is apparent that the post was in plain sight, and ordinary observation would have revealed it to any man of ordinary intelligence in the possession of his eyesight. In our opinion the plaintiff assumed the risks incident to the existence and location of the post. Lake Erie & Western R. R. Co. v. Wilson, 189 Ill. 89; Montgomery Coal Co. v. Barringer, 218 *id.* 327; McCormick Machine Co. v. Zakzewski, 220 *id.* 522.

The judgment is affirmed.

*Affirmed.*