Jozef Milostan, by his next friend, Appellee, v. City of Chicago, Appellant.

Gen. No. 14,567.

1. WORDS AND PHRASES—*"proximate" defined.* In this case, the legal meaning of the word "proximate" is considered and the definitions thereof reviewed.

2. NEGLIGENCE—*effect of concurring violence.* A negligent omission of one will not sustain a recovery against him, where the injury complained of would not have resulted but for the concurring physical violence of another.

BAKER, J., dissenting.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed. Opinion filed June 4, 1909. Rehearing denied June 18, 1909.

**Statement by the Court.** Jozef Milostan, appellee, plaintiff below, by Teodor Milostan, his father, as next friend, brought an action on the case against the city of Chicago to recover damages for an injury sustained on the afternoon of December 26, 1905. The injury was sustained on the south side of Blackhawk street, close to the corner of Noble street. A trial by jury was had, a verdict for $2,500 returned against defendant, and, on October 19, 1907, a motion for a new trial was overruled and a judgment rendered for that amount. The city now prosecutes this appeal to reverse that judgment.

The declaration alleges that the injury occurred in the margin of, but within the public highway, where there was a deep area or opening in the sidewalk adjacent to a building standing upon the lot adjoining the street or highway; that it was the duty of the defendant city to exercise ordinary care to keep the highway, at the place in question, reasonably safe by maintaining around and about this area or opening sufficient and suitable guards, fences or other suitable

protection, and that defendant maintained no guards or protection there, but, in that regard, negligently failed in the performance of its duty; that the plaintiff, being then about eleven years of age, while passing along, in the exercise of due care, "by reason of said negligent condition, as aforesaid, fell, stumbled and was thrown into said area-way or opening," and was thereby seriously and permanently injured.

It appears from the evidence that there is a brick building, fronting on Noble street, at the southwest corner of Noble and Blackhawk streets. That building stands up close to the sidewalk on Blackhawk street. On the latter street, along the side of the building, there is an opening or area-way in the cement sidewalk. This area-way is variously stated to be three to six feet wide, about six feet in depth and of considerable length. About 5 o'clock in the afternoon in question, Jozef Milostan, with two friends, Bernard Piotrowski and John Magorski, came, walking east, along the sidewalk at the side of this building. Bernard walked to the left of plaintiff and John a little behind the two. When they were within a few feet of Noble street Bernard suddenly stepped behind Jozef, grabbed him by the two arms and pushed or shoved him off the sidewalk into the area-way. Bernard testified that he did it intentionally, to scare Jozef—"fool" him or have some fun with him, but that he did not intend to hurt him. Jozef suffered a compound fracture of the bone extending from the shoulder to the elbow-joint in the left arm, and there was both a transverse and a longitudinal fracture. It is probably a permanent injury. There is no question, upon the evidence, but that the act of Bernard was a wilful, intentional act. The act was neither an act of negligence nor an accident.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; HERVEY B. HICKS, of counsel.

ROYAL W. IRWIN and FRANK W. KORALESKI, for appellee.

MR. JUSTICE CHYTRAUS delivered the opinion of the court.

Plaintiff can recover only if he succeeds in establishing one of two propositions, namely: The negligence of the city, in leaving unguarded the area-way, was the proximate cause of the plaintiff's injury; or, the combined and concurring negligence of Bernard Piotrowski and the city was the proximate cause of the plaintiff's injury. If the act of Piotrowski was the proximate cause, then the plaintiff cannot recover. No matter how negligent the city was, if its negligence was not the proximate cause, or one of the elements in the proximate cause, the city is not liable. There is, in this case, no material fact in dispute. "It is a general principle of jurisprudence, under both the civil and common law, that, to entitle a party to recover for damages alleged to have been sustained in consequence of the negligence of another, there must not only be negligence in fact, but it must have been the proximate cause of the injury." C. & A. R. R. Co. v. Becker, 76 Ill. 25, 30.

At the start, it is well to have a clear understanding of the meaning of the term proximate cause. The Century Dictionary defines "proximate" to mean "next," "immediate," "without the intervention of the third" and "proximate cause" as "that cause which immediately precedes and directly produces an effect, as distinguished from a remote, mediate or predisposing cause." In Wabash R. R. Co. v. Coker, 81 Ill. App. 660, which was affirmed in the Supreme Court, after holding that "The breach of duty upon which an action is brought must not only be the cause, but the proximate cause, of the damages to the plaintiff," the court defined proximate cause by saying: "The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause, produced an event, and without which that event would not have occurred." In Strojny v. Griffin Wheel Co., 116 Ill. App. 550, 552, this court adopted that definition and

added: "An intervening sufficient cause is a new and independent force which breaks the causal connection between the original wrong and the injury, and it becomes the direct and immediate—that is, the proximate—cause of the injury. The test is, was it a new and independent force, acting in and of itself in causing the injury, and superseding the original wrong so as to make it remote in the chain of causation?" In Goodlander Mill Co. v. Standard Oil Co., 11 C. C. A. 253; 63 Fed. 400, a case in which there was a bitter legal contest between able counsel, we find the definition stated as follows: "The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. * * * The remote cause is that cause which some independent force merely took advantage of to accomplish something not the probable or natural effect thereof."

When we understand what is meant by "proximate cause," it is clear, without discussion, that the omission of the city, in leaving unguarded the area-way, was not alone the proximate cause of the plaintiff's injury, if it was a cause at all. Thus the plaintiff fails in the first of the two propositions stated.

It is to be noted, in connection with the second proposition, that the plaintiff's position is, in his brief, stated as follows: "We contend that the negligence of the defendant contributed to the injury and that without the negligence of the defendant in this regard the accident could not have occurred." It is true that where an "injury is the result of the negligence of the defendant and that of a third person; or of the defendant and an inevitable accident; or an inanimate thing has contributed with the negligence of the defendant to cause the injury, the plaintiff may recover, if the negligence of the defendant was an efficient cause of the injury." Pullman Palace Car Co. v. Laack, 143 Ill. 242, 261. If an act of negligence on the part of Piotrowski and an act of negligence on the part

of the city combined or co-operated—the two concurring proximately, that is, not necessarily in point of time but in causation, to the effect—so as to injure the plaintiff, then, unquestionably, both would be liable to him, jointly or severally. It would, however, in such case, be necessary in order to create liability upon both that negligence on the part of both should contribute proximately, that is, as an element in the proximate cause, and without intervention of another independent force as the producing cause. In the case at bar it is to be observed that the concurring act of Piotrowski was not merely an act of negligence but it was an intentional, wilful and deliberate act. That is to say, the act was wilful, whether or not the intent to injure was present. On the other hand, on the part of the city there was merely the passive, omissive negligence of permitting, or leaving in an unguarded state, the area-way, without which negligence, it is contended, "the accident could not have occurred." Passing, for a moment, the question whether anything in the evidence justifies the assertion that but for the unguarded state of the area-way this accident could not have occurred we find, here, that the act of Piotrowski and the omission of the city are not of the same legal nature and not on the same legal level in the law of wrongs to persons. This raises a question entirely different from that which would have arisen, if Piotrowski's act had been one of negligence merely. Undoubtedly the city was guilty of negligence in permitting the area-way to exist in the sidewalk, and more so in permitting it to remain unguarded. But an act of wilful violence by one person and mere negligence chargeable to another person cannot, together, contribute so as to become the one proximate cause of injury to a third person. For instance, as here, a wilful act of violence of the one and a negligent physical condition chargeable to another are incompatible as joint and contributory elements in one and the same proximate cause of an injury. In the very nature of things, wilful violence, as a producing or efficient cause

of injury, will precede negligence, where they, in point of time, concur or co-exist in connection with the injury. Whatever the breach of duty constituting merely negligence, on the part of one, the interposition, by another, of wilful violence is, necessarily, an intervention of a new and independent force, which breaks the causal connection between the negligence and the injury. The inconsistency and incompatibility between wilful violence and mere negligence is such that they cannot concur or co-exist, in the direct or proximate cause, except in point of time; the idea that they can juridically be co-ordinates in the causation of an injury is inconceivable. Concurrence in point of time is not, necessarily, concurrence in point of cause. While the two—negligence and violence—may concur in point of time, the violence necessarily precedes the negligence in being the producing, direct and proximate cause of the injury. At common law there is a distinct remedy for each; in the one instance trespass and in the other an action on the case lies. Conceding, therefore, that the negligence of the city concurred, in point of time, with the act of Piotrowski, which was an act of wilful violence, and the injury to plaintiff was thus effected, then the wilful violence of Piotrowski was the proximate cause and the mere negligence on the part of the city was but a remote cause of the injury to the plaintiff. In nowise can we consider the act of Piotrowski as negligence, merely.

But, considering the case from another point of view, we cannot agree with plaintiff's counsel that the negligence of the defendant was the proximate cause of the injury. True, at the place in question, there was a state or condition of negligence created by defendant's failure to exercise reasonable care to keep the sidewalk—highway—reasonably safe for ordinary use. But, in this particular instance, the plaintiff, so far as that particular negligence is concerned, was passing along—by the area-way—in safety and he had undoubtedly, the hour of the day being considered,

observed the area-way and was avoiding it. He had passed alongside of the area-way for a considerable distance and was nearly past it when Piotrowski's act, availing itself of the existing conditions and the occasion afforded by the presence of the area-way, intervened and, as the direct and efficient cause, brought about plaintiff's injury. Plainly plaintiff would have safely passed the area-way but for the intervention of this procuring and proximate cause of the injury. The remark made by Dr. Bishop in one of his excellent works, while discussing contributory negligence on the part of a plaintiff, is here, in principle, applicable. He says: ''If, while one is negligent—perhaps the expression should be, in a state of negligence—another negligently employs an independent force, which, availing itself of the occasion afforded by the former's negligence, works a harm not its natural and probable consequence, but an independent harm, the first negligence is not contributory to the second.'' Bishop Non-Contract Law, sec. 463. According to the facts in this particular instance it is clear that the harm done plaintiff was not a natural consequence of the presence of the area-way and therefore the condition of the area-way was not, in point of causation, the direct or proximate cause of plaintiff's injury.

Plaintiff's counsel appear to argue that the presence of the area-way operated as an incentive or inducement to Piotrowski, by his wilful violence, to shove plaintiff into this area-way. For, it is argued ''that without the negligence of the defendant in this regard the accident would not have occurred.'' Were it true that the presence of the area-way did so operate upon Piotrowski's mind, the city would not, on that account, be responsible. No one is liable for more than the natural and probable consequences of his negligence and it was neither natural nor probable that the presence of the area-way should so operate. It would be idle to speculate upon what would or would not have happened if the area-way had been guarded or had not been there, with reference to plaintiff being injured;

Milostan v. City of Chicago, 148 App. 540.

for whatever conclusion one would come to would be but a conjecture. Upon the facts as they are the defendant's negligence was not the proximate cause of the injury. There was no immediate causal connection between the presence of the area-way and the happening of the injury. An element intervened. Seymour v. Union Stock Yards Co., 224 Ill. 579, 585; Cole v. German Savings & Loan Soc., 59 C. C. A. 593; 124 Fed. 113; Terminal R. R. Assn. v. Larkins, 112 Ill. App. 366.

Counsel for plaintiff rely upon Siegel, Cooper & Co. v. Trcka, 218 Ill. 559. The doctrine of that case is (p. 562-3) that, if a defendant is guilty of negligence, which negligence is an element in the proximate cause of the injury, then it makes no difference, as to liability, that some act or agency of some other person or thing also contributes to bring about the result for which damages are claimed. There are two distinctions between that case and the case at bar. According to the expressions in the opinion in that case the court was considering a case where, in point of fact, two contributing acts of negligence constituted the proximate cause. Here, in point of fact, we find in the act of Piotrowski, alone, the efficient and direct proximate cause. Another distinction is that in that case, as appears from the language of the opinion, the two parties who occasioned the injury were both guilty of mere negligence, while in the case at bar the party we, so far as this case is concerned, consider responsible for the happening and whose act was the proximate cause, was guilty of a wilful act of violence which, as shown, preceded the city's mere negligence as a proximate cause.

For the reasons indicated the judgment of the Superior Court must be reversed without remanding.

*Reversed.*

Mr. Justice Baker dissenting.