### Grace Gilbert, Appellee, v. A. Goralnik, Appellant.

1. NEGLIGENCE—*proximate cause—as affected by independent act of third person.* If negligence does nothing more than furnish a condition by which injury is made possible and that condition causes an injury by the subsequent independent act of a third person, the creation of the condition is not the proximate cause of the injury.

2. HIGHWAYS AND STREETS—*proximate cause collision of automobiles.* Negligence of defendant in stopping car on bridge held not proximate cause of striking of plaintiff's car by a third car.

Appeal by defendant from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the March term, 1925. Reversed. Opinion filed August 5, 1925.

KEEFE & MILLER, for appellant.

FARTHING & FARTHING, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action on the case was instituted by appellee against appellant in the city court of East St. Louis for the recovery of damages sustained by appellee in a collision between the car in which she was riding and a car owned by appellant.

The declaration consists of one count, and alleges among other things that appellant so negligently and improperly drove and managed his automobile that by reason of such negligence, mismanagement and un-

skilfulness on the part of appellant, the automobile of appellee collided with the automobile of the appellant, resulting in the injuries to appellee for which suit was brought. A plea of the general issue was filed to said declaration, and a trial was had, resulting in a verdict and judgment in favor of appellee for the sum of $325 and costs. To reverse said judgment this appeal is prosecuted.

It is first contended by appellant for a reversal of said judgment that the court erred in denying the motions made by appellant, at the close of appellee's evidence and again at the close of all the evidence, to exclude the evidence and to direct a verdict in favor of appellant.

The evidence discloses that appellant, while driving on the Municipal Bridge from East St. Louis, Illinois, to St. Louis, Missouri, brought his car to a stop on the north side of the driveway of the bridge, near the curb. He got out of his car on the right-hand side, passed around to the left-hand side of the same, and was standing near the front end of his car when appellee, who was driving in the same direction, was run into by a Hudson car which struck the hub of the left front wheel of appellee's car, causing it to turn suddenly to the right and collide with the car of appellant. Appellee was thrown against the windshield of her car, and sustained certain cuts on her face and arms and bruises on her body. Appellant was thrown to the floor of said bridge and was rendered unconscious for a short time.

Up to this point, the evidence as to what occurred is virtually the same on the part of appellee and of appellant. Practically the only conflict in the evidence is as to what appellant was doing just prior to the time appellee ran into his car. Appellee and two witnesses in her behalf testified that, just prior to said collision, appellant was standing on the south side of his automobile with one foot on the running board,

and appeared to be resting, or, at least, was doing nothing so far as they could observe.

On the other hand, appellant testified that when he "came to the middle of the bridge, my machine lost its power—it started to make a noise in front—* * * kind of a spitting noise, and it lost pretty nearly all its power. So I stopped it near the curb and opened the right door of my machine. I went out and went around and opened the hood. I looked in there and there is a pipe that comes from the intake, it gives gas to the generator; that little pipe was loose. * * * I put the little pipe back and put the hood down again. I hooked it down on one side and while I was trying to hook it on the other side, I was knocked off; a machine struck my machine right in the back and that knocked me off."

Appellee further testified that at the time of the accident and just prior thereto, she was driving about 15 miles per hour. She is corroborated as to the speed of her car by the other witnesses who testified in reference thereto. She further testified: "When I first saw Goralnik's car it was standing still; that was about a block away. He was on the traffic side leaning up against his machine. My car was far enough away from the curb at that time, a block away, so that it would not have been necessary for me to turn to go around his car; continuing in a straight line, I would have cleared it. I did not see the blue car, the Hudson, until it hit me. Mr. Goralnik's car did not run into mine—the Hudson car knocked me and I ran into Goralnik's. * * * I do not know what prompted him to stop on the Free Bridge; he was standing up in a position as if resting, leaning up against his car with his elbows on it; he was at rest, I guess—I don't know."

One of the witnesses who testified on behalf of appellee testified to the effect that the Hudson car, just prior to and at the time it attempted to pass appellee's car, was running at a speed of about 40 miles per

hour. The witness, George Howell, on behalf of appellee, testified: ''When I first saw the cars the Gilbert car was east of the Goralnik car and I was west of it; and when the blue car came in contact with Mrs. Gilbert's car it was about 2 feet or 2½ feet east of Goralnik's car. At that point on that day there could have been three cars abreast there without touching. * * * There was room for Mrs. Gilbert to have passed without striking any other car, the way the circumstances were at that time, excepting for the blue car.''

It would therefore seem to follow as a matter of law that the stopping of appellant's car on said bridge was not the proximate cause of said collision and appellee's injury.

In *Yunkes v. Latrobe Steel & Coupler Co.*, 131 Ill. App. 292, the court at page 295, referring to and quoting from *Braun v. Craven*, 175 Ill. 401, says:

''In the above case it is held, at page 405, that 'damages which are recoverable for negligence must be such as are the natural and reasonable results of defendant's acts, and the consequences must be such as, in the ordinary course of things, would follow from the acts and could be reasonably anticipated as a result thereof. * * * Remote damages are such as are the unusual and unexpected result, not reasonably to be anticipated from an accident or unusual combination of circumstances, a result beyond and over which the negligent party has no control. The law regards only the direct and proximate results of negligence as creating a liability against the defendant.' ''

And in *Hartnett v. Boston Store of Chicago*, 265 Ill. 331, being an action on the case brought by Mary Hartnett against the Boston Store to recover damages alleged to have resulted from the violation of an ordinance of the City of Chicago which forbids the sale of firearms to minors, the court at pages 333, 334, says:

"There are three essential elements in actionable negligence: First, a duty imposed by law to exercise care in favor of the person for whose benefit the duty is imposed; second, the failure to perform that duty; and third, a consequent injury so connected with the failure to perform the duty that the failure is the proximate cause of the injury. What constitutes proximate cause has been defined in numerous decisions, and there is practically no difference of opinion as to what the rule is. The injury must be the natural and probable result of the negligent act or omission and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence, although it is not essential that the person charged with negligence should have foreseen the precise injury which might result from his act."

If the negligence does nothing more than furnish a condition by which the injury is made possible, and that condition causes an injury by the subsequent independent act of a third person, the creation of the condition is not the proximate cause of the injury. (Cooley on Torts, 3d ed., p. 99; *Chicago Hair & Bristle Co. v. Mueller*, 203 Ill. 558; *Seith v. Commonwealth Electric Co.*, 241 Ill. 252; *Hartnett v. Boston Store of Chicago, supra.*) To the same effect is *Seith v. Commonwealth Electric Co., supra*, and *Illinois Cent. R. Co. v. Siler*, 229 Ill. 394. In the latter case, the court, through Mr. Justice Dunn, says:

"Whenever a new cause intervenes which is not a consequence of the first wrongful cause, which is not under the control of the wrongdoer, which could not have been foreseen by the exercise of reasonable diligence by the wrongdoer, and except for which the final injurious consequence could not have happened, then such injurious consequences must be deemed too remote to constitute the basis of the cause of action."

We are of the opinion and hold that the striking of appellee's car by the driver of said Hudson car was an independent cause bringing about said collision,

which had no logical connection with the stopping by appellant of his car at the place in question, and that the trial court should have directed a verdict for appellant, and the failure so to do was error.

Other errors were assigned on the record, but in our view of the case it will not be necessary for us to pass upon the same.

For the reasons above set forth, the judgment of the trial court will be reversed.

*Judgment reversed.*