Eugene Baker, Minor, by Robert Baker, His Next Friend, Appellant, v. Cities Service Oil Company and Harry Kopp, Appellees.

Gen. No. 9,924.

the October term, 1943. Heard in this court at Opinion filed December 28, 1943.

GEORGE SPITZ, of De Kalb, for appellant.

SEARS, O'BRIEN & STREIT, of Aurora, for appellees; BARNABAS F. SEARS and WILLIAM C. O'BRIEN, both of Aurora, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is an action by appellant to recover damages for personal injuries. The complaint alleged that a gasoline truck belonging to appellees, was parked on 9th street in the city of DeKalb, for the purpose of unloading gasoline to underground storage tanks at a filling station there located; and that while the truck was so parked, appellant, age five, in company with

another small child, and while crossing 9th street, was struck by a passing car, as he came from behind the truck.

Appellees filed their motion to dismiss the complaint on the ground that it failed to allege a cause of action against them, and alleged no act or acts on their part which proximately caused the injury complained of. The motion to dismiss was granted. Appellant elected to stand by the pleadings, and judgment was entered for appellees.

The sole question involved in this appeal appears to be whether the negligence charged was the proximate cause of the injury. It is urged by appellees that no facts are alleged in the complaint constituting negligence and that the presence of the truck upon the street was merely a condition and not the proximate cause of plaintiff's injuries.

Similar legal situations respecting liability such as involved in this suit are numerous and general in application. As stated in *Briske v. Village of Burnham,* 379 Ill. 193, on page 199, "If a negligent act or omission does nothing more than furnish a condition making an injury possible, and such condition, by the subsequent, independent act of a third person, causes an injury, the two acts are not concurrent and the existence of the condition is not the proximate cause of the injury." Also see *Merlo v. Public Service Co. of Northern Illinois,* 381 Ill. 300. Many cases involving this rule will be found referred to in the two above opinions.

The needs of society are fluid and changeable. Necessity puts in motion forces which are so much a part of custom and social utility that they become a compelling test and standard in determining how established rules of law shall be applied.

Appellees' truck was not in motion, but was parked, connected with storage tanks at the filling station, and engaged in delivering gasoline to such tanks. Its

position upon the street was obvious to all persons, and a condition necessary to be reckoned with by the traveling public. Under the above rule, we are not of the opinion that it can be considered an operating, efficient, or proximate cause of appellant's injuries.

The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*