FRANCES M. DOMITZ, Appellant, v. THE SPRINGFIELD BOTTLERS, INC., Respondent, No. 41328—221 S. W. (2d) 831.

Division Two, July 11, 1949.

*Burden & Shortridge* for appellant.

*Seiler, Blanchard & Van Fleet* for respondent.

WESTHUES, C.—Appellant, Frances M. Domitz, filed this suit to recover $15,000 as damages for personal injuries which she sustained when she was struck by a car driven by Jack Flynn. The defendant, The Springfield Bottlers, Inc., filed a motion to dismiss plaintiff's petition on the ground that no cause of action was stated entitling plaintiff to a judgment against its company. The trial court sustained the motion and plaintiff appealed.

We shall state the substance of the petition. Three parties were named as defendants, the respondent company, W. D. Mink, and Jack Flynn. The latter two defendants are no longer parties to the suit.

The petition alleged that on January 8, 1948, the respondent company negligently and carelessly and in violation of Sec. 1399 of an ordinance of Joplin, Missouri, parked two large van trailers near the intersection of First Street and Wall Street in Joplin "parking same parallel with the south curb of said First Street close to the west curb line of said Wall Street in such manner as unnecessarily interfered with and interrupted the free passage of other vehicles and traffic on said streets by obstructing said traffic and obscuring other traffic and vehicles in and approaching said intersection from the views of drivers of automobiles approaching and entering said intersection from the west or from the south". The petition then alleged that Flynn drove his car east on First Street at a high and negligent rate of speed toward the intersection and Mink in like manner drove his car north on Wall Street toward the intersection; that the vans as parked by the defendant company obstructed the views of the drivers so that neither observed the other; it was alleged that as the cars were driven into the intersection about the same time, there was danger of a collision and to avoid a collision, each driver swerved his car; that Flynn swerved his car to the left or north and in doing so struck plaintiff as she was stepping up onto the sidewalk at the northeast corner of the intersection.

 The section of the ordinance alleged to have been violated by the defendant company in parking the vans in the manner alleged reads as follows:

"Sec. 1399. Not to Obstruct Other Traffic. No vehicle shall so occupy any street as to unnecessarily interfere with or interrupt the free passage of other vehicles or hold up traffic."

It is respondent's contention that, first, the facts alleged in the petition disclose that respondent did not violate the provision of the ordinance; and, second, that the facts disclose the parking of the vans in the manner stated was not the proximate or contributing cause of plaintiff's injuries. It may be argued with some reason that the parking of the vans was a violation of the ordinance because they obstructed the views of drivers of automobiles approaching the intersection and thereby interfered with traffic. We must assume that the parking of the vans at the intersection was not a matter of necessity. However, we need not for the purposes of this case hold that the parking of the vans was a violation of the ordinance. If the parking of the vans in the manner described could be said to constitute negligence then it is immaterial whether the parking was a violation of an ordinance. If we take as true the allegations of the petition, and this we must do, then the parking of the vans at the point alleged created an unnecessary hazard. It is common knowledge that "blind" intersections are points of danger for the traveling public. In this case a jury could draw the inference from the facts alleged in the petition that the defendant company was negligent in parking the

vans. Parking of trucks near intersections so as to obstruct the view of drivers of cars has frequently been held to constitute actionable negligence. See Milbury v. Turner Center System, (Mass.) 73 A. L. R. 1070, 174 N. E. 471; Kuba v. Nagel, (Mo. App.) 124 S. W. (2d) 597. Much has been said and written as to the meaning of proximate cause. Sec. 50 C. J. 836. This court in Evans v. Klusmeyer, 301 Mo. 352, 256 S. W. 1036, 1. c. 1038 (3), held the phrase "directly contributed to" was equivalent to proximate cause. The court there said:

"The phrase 'directly contributed to', as used in the instruction, cannot be reasonably construed as other than synonymous with proximate cause, by which we mean such a cause as operated to produce a particular consequence without the intervention of an independent cause, in the absence of which the injuries would not have been inflicted. Holwerson v. Railroad, 157 Mo. 231, 57 S. W. 770, 50 L. R. A. 850; Glenn v. Railroad, 167 Mo. App. loc. cit. 116, 150 S. W. 1092."

The question is then, were the actions of Flynn and Mink in driving their cars into the intersection as alleged in the petition such independent acts or causes as to render the negligence of the defendant company remote? In the case of Kuba v. Nagel, supra, the owner of a parked truck was held liable in damages when a child was struck by a car as the child walked from behind the truck into the path of the car. Liability was based on the theory that the parking of the truck obstructed the view of the driver of the car. Likewise in the Milbury case, supra, the truck was parked so as to cut off the view of the intersecting streets. This circumstance was held to be a factor in determining liability. So, in this case it can be argued with considerable reason that if the vans had not obstructed the views of Flynn and Mink, the plaintiff would not have been injured. A jury would be justified in finding that the parking of the vans in the manner described was a contributing element creating the events which resulted in plaintiff's injuries. The facts in Scott v. Simms, 188 Va. 808, 51 S. E. (2d) 250, were similar to those in the present case. There two cars collided. After the collision, one of the cars swerved and struck a car parked in a forbidden zone, crushing a child against the parked car. The owner of the parked car was held liable. It was there held that it was a question for a jury whether the negligence of the owner of the parked car directly contributed to the death of the child. The court there commented as follows: 51 S. E. (2d) 1. c. 253 (4)

"When questions of fact are to be ascertained from evidence, there are cases in which the state of the evidence is such that the absence of proximate cause is so apparent that the court is required so to hold as matter of law, as in Wyatt v. Chesapeake & Potomac Telephone Co., 158 Va. 470, 163 S. E. 370, 82 A. L. R.

386, and there are cases where the presence of proximate cause is so demonstrated by the evidence that it exists as matter of law, as in Schools v. Walker, 187 Va. 619, 47 S. E. (2d) 418. The cases that fall between those two classes are within the province of the jury. There is no yardstick by which every case may be measured and fitted into its proper place. In each case the problem is to be solved upon mixed considerations of logic, common sense, justice, policy and precedent. Authorities are useful to furnish illustrations 'of situations which judicious men upon careful consideration have adjudged to be on one side of the line or the other'. 1 Street, Foundations of Legal Liability, 110; 25 Harvard Law Review at p. 308.[1]''

In the case before us we are justified in saying that the parking of the vans created a dangerous situation and that the owner of the vans could have anticipated that as a result collisions might occur at the intersection. A party may be held liable in negligence if his negligence in combination with the negligence of others results in injury to another. State ex rel. Hauck Bakery Co. v. Haid, 333 Mo. 76, 62 S. W. (2d) 400, l. c. 402 (4). Appellant cited other cases which are to some extent in point and support her theory of the case. See McCloskey v. Renne, 225 Mo. App. 810, 37 S. W. (2d) 950; Whelan v. Bigelow, 33 Cal. App. (2d) 717, 92 P. (2d) 952, l. c. 955 (7).

Respondent cited a number of cases in support of its theory that defendant's alleged negligence was not the proximate cause of the injury. Smith v. Mabrey, 348 Mo. 644, 154 S. W. (2d) 770, is a case concerning a child who was struck while crossing a street. The city was sought to be held liable because it failed to maintain a proper sidewalk, which fact caused the child to cross the street for the purpose of walking on good sidewalk. The charged negligence in that case was far more remote than that in the present case. A number of borderline cases were there considered and discussed. We shall examine a few cases from other jurisdictions. In Walker et ux. v. Ill. Tel. Co., 315 Ill. App. 553, 43 N. E. (2d) 412, two cars collided at an intersection. The defendant truck was parked so as to obstruct the views of the drivers. The occupants of one of the cars sued the defendant company because of injuries sustained. The court there said: (43 N. E. (2d) l. c. 416)

''The proximate cause of the injuries and damage complained of, was the contributory negligence of plaintiffs and the negligence of the defendant Norriss.''

In the case before us plaintiff was an innocent party having nothing to do with any of the cars involved in the collision.

In Baker v. Cities Service Oil Co., 52 N. E. (2d) 284, 321 Ill. App. 142, an oil truck engaged in delivering gasoline to storage tanks was parked at a filling station. A child passed into the street from behind the truck and was struck by a car. The Cities Service Oil

Company was held not liable. We are of the opinion that the necessity of the truck's being parked at that point was a material element to be considered. In Beach v. Patton, 208 N. C. 134, 179 S. E. 446, a car after being involved in a collision was parked on a roadway for some fifteen minutes. While it was so parked, another car was driven at high speed toward the parked car and was forced to go onto the shoulder where it struck a person. The court held that the negligence of such driver was a new and independent cause so as to render the negligence, if any, of the owner of the parked car remote and not a proximate cause. The case lends support to respondent's contention.

As stated in Scott v. Simms, supra, "There is no yardstick by which every case may be measured and fitted into its proper place". We have concluded that the case before us presents facts which should be submitted to a jury. If the evidence should sustain the allegations of the petition, the case should be submitted to a jury by proper instruction as to whether the parking of the vans constituted negligence and, further, whether such negligence directly contributed to plaintiff's injuries.

The judgment is reversed and the case remanded. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.