DEBORAH FULTZ, by GRACE FULTZ, her mother and next friend, Plaintiff-Appellee Cross-Appellant, *v.* VIRGIL K. MYERS, Defendant-Appellant —(EARL FOLKS, Defendant Cross-Appellee.)

(No. 11526;

Fourth District—May 8, 1972.

*Rehearing denied June 2, 1972.*

TRAPP, P. J., dissenting.

Costigan & Wollrab, of Bloomington, for appellant.

John Naylor, of Thomson, Thomson & Mirza, of Bloomington, for plaintiff-appellee and cross-appellant.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, (Thomas M. Barger III, of counsel,) for defendant cross-appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a case arising out of an automobile-pedestrian accident. The Plaintiff was a nine year old girl who was struck by an automobile driven by Defendant Myers when the Plaintiff was entering into a lane in a mobile home trailer park. Suit was brought against Defendant Myers for negligence in driving his automobile and against Defendant Folks for creating a hazardous condition by parking his vehicle on the lane in the trailer court. The case was tried before a jury and a judgment

was entered for the Plaintiff against both Defendant Myers and Defendant Folks. After the verdict had been rendered both Defendants made motions for judgment *n.o.v.* and the trial court granted the motion of Defendant Folks and denied the motion of Defendant Myers. Defendant Myers has prosecuted this appeal and Plaintiff cross-appeals on the granting of the judgment *n.o.v.* against Defendant Folks. The issue raised in this case is whether under the factual situation a judgment *n.o.v.* should have been granted to Defendant Folks and denied as to Defendant Myers.

■■ The Supreme Court in 1967 set forth the standard to be applied in the granting of a judgment *n.o.v.* in *Pedrick v. Peoria and Eastern Railroad Co.*, 37 Ill.2d 494, 229 N.E.2d 504. The court therein stated on page 510 as follows:

> "In our judgment verdicts ought to be directed and judgment *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

This standard of necessity requires a close scrutiny of the testimony presented at the trial to determine whether a contrary verdict to that of the jury's "could ever stand".

A physical description of the area of the accident indicates that the blacktop lane on which this accident occurred was 15 feet 9 inches wide and proceeded in a north-south direction. On either side of the lane were mobile trailer homes, which had adjacent to each areas upon which vehicles could be parked between the mobile homes. The evidence reveals that this accident occurred directly to the north of Trailer 60 at a place where the walk to Trailer 60 intersects the lane. Trailer 60 is located on the east side of the lane. Abutting the lane and directly west of Trailer 60 between the trailer and the lane is a garbage can and a large propane gas tank which block the vision of a person proceeding on the lane in a northerly direction.

At the time of the accident, Defendant Myers was proceeding north to go to his house trailer. His testimony was at the time he got parallel to Trailer 60, he was proceeding at about 6 to 8 m.p.h. Defendant Folks had parked his automobile on the west side of the lane to the north of Trailer 60. Because of this fact, Mr. Myers was proceeding in the extreme east lane of traffic.

At the time that Mr. Myers was approaching Trailer 60, the Plaintiff, a nine year old girl, was leaving Trailer 60 on the north side and was proceeding along a cement path to the intersection of that path with the lane. The trailer blocked her vision to the south as it blocked Mr.

Myers' vision to the north. As the Plaintiff turned the corner of the trailer to go south, she came into contact with Myers' automobile. Defendant Myers did not see Plaintiff until right prior to the accident at which time he applied his brakes. He indicated that she appeared to be running at the time he saw her although she denied running. The evidence subsequent to the accident indicated that the skid marks were approximately seven to eight feet in length and that the skid marks were all on the lane.

Defendant Myers then argues that as he was in the lane and his speed was only 6 to 8 m.p.h., that there is no showing of negligence on his part. He states that the accident occurred because his vision was totally blocked by the trailer and obstructions in front of the trailer. He further argues that the testimony is that the Plaintiff hit his car and he did not hit her. All of the factors, the Defendant Myers argues, show that he was not guilty of negligence and if anything, show the Plaintiff guilty of contributory negligence.

■■ The question before this court is not whether it would have decided this case differently had it been called upon to do so, but whether "no contrary verdict based upon the evidence could ever stand". The jury in examining the facts may apply their knowledge and common sense to the situation. The jury observes the witnesses and is in a better position to judge the credibility of these witnesses. This jury could and perhaps did determine that Myers' speed, 6 to 8 m.p.h., was understated in comparison to the skid marks of 7 to 8 feet. There was no testimony as to the speed Myers would have had to have been going to leave this type of skid marks and this question was left to the general knowledge and common experience of the jury. It is possible in their experience that they could have concluded leaving skid marks of 7 to 8 feet would require a speed greater than was called for under the circumstances and in fact, one that was greater than was testified to. It is also possible that the jury believed that Myers, who lived in the neighborhood, should have had knowledge that there were children around and that under the circumstances where his view was blocked to the right and he had to use the right lane, his speed was excessive. We, therefore, do not believe that this verdict should be set aside under the principals enunciated in *Pedrick v. Peoria.*

■■ The argument is also made that the Plaintiff was guilty of contributory negligence as a matter of law. In *Kronenberger v. Husky,* 38 Ill.2d 376, 231 N.E.2d 485, the court stated on page 378 as follows:

"Children, of course, are not held to the same accountability as are adults, and this is true in determining whether the child is guilty of contributory negligence. The law has long been established that be-

tween the ages of 7 and 14 the question of culpability of the child is an open question of fact and must be left to the jury to determine, taking into consideration the age, capacity, intelligence and experience of the child."

The factual situation presented here—the question as to whether or not the Plaintiff was looking or paying attention, whether she was walking or running, the intelligence and experience of the Plaintiff, and her age—all make the question of her contributory negligence a question of fact that should not be decided as a matter of law and more appropriately should be left to the jury.

■■■ As to the cross-appeal of the Plaintiff against Defendant Folks, the question becomes one of whether there was an intervening clause or in other terms, whether the parking of the Folks automobile was the proximate cause of the accident here in question. It is to be noted that if the act complained of does nothing more than create a condition that makes the injury possible by some subsequent independent act of a third person, the creation of the condition is not the proximate cause of the injury. (*Briske v. Village of Burnham,* 379 Ill. 193, 39 N.E.2d 976; *Gilbert v. Goralnik,* 238 Ill.App.199.) The Folks' vehicle was parked on the opposite side of the street of a narrow lane between house trailers. It was parked to the north of where the accident occurred. The accident did not occur by the Plaintiff's darting from behind or in front of the Folks' vehicle but occurred on the other side of the street. The only relationship that this vehicle had with the accident was that it was parked in the proximity of the accident and forced Myers to keep in his lane of traffic. Under these circumstances, this court cannot say that the parking of the automobile by Folks at the location where he parked it was the proximate cause of the injury. In the similar case (*Baker v. Cities Service Oil Co.,* 321 Ill.App. 142, 52 N.E.2d 284) the court stated at pages 143-144:

"Its position upon the street was obvious to all persons, and a condition necessary to be reckoned with by the travelling public. Under the above rule, we are not of the opinion that it can be considered an operating, efficient or proximate cause of appellant's injuries."

For the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, J., concurs.

Mr. PRESIDING JUSTICE TRAPP dissenting:

The complaint alleges that plaintiff was struck by the automobile of the defendant, Myers, which was being operated negligently at an ex-

cessive rate of speed, and that Myers negligently failed to keep a lookout, to have his car under control and to properly apply the brakes.

The testimony of both the plaintiff and Myers is that the plaintiff came into contact with the side of the car. There is neither testimony nor other evidence which supports an inference that the car struck the plaintiff.

The memorandum opinion of the trial court on denying post-trial motions suggests that Myers could have driven his car off of the edge of the paved slab to strike the child. The uncontradicted, objective, investigative testimony is that the skid marks demonstrated that the Myers car was never off of the pavement. The testimony is that the plaintiff came from behind a trailer, the front end of which was within two feet of the edge of the paved slab upon which plaintiff was travelling. The "tongue" of the trailer, as shown in a photograph in evidence, extends to and possibly over the edge of such slab.

It appearing that there is no evidence which proves the allegations of the complaint, and that there is no further evidence which could be offered upon the issues of the negligence alleged, under the rule of *Pedrick* the trial court erred in denying judgment *n.o.v.*