Susan Kennedy, by Dale Kennedy, her Next Friend, Plaintiff-Appellant, v. Smiley Burnett, William R. Alexander, Harlan Quinn, and Thomas Agans, Defendants-Appellees.

Gen. No. 9,915.

Opinion filed January 28, 1954. Released for publication February 15, 1954.

GARRISON & CRANDALL, of Rushville, and SCHMIEDESKAMP & DEEGE, of Quincy, for appellant.

RICHARD F. SCHOLZ, SR., of Quincy, and ARNOLD & ARNOLD, of Rushville, for appellees.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is a personal injury action brought by Susan Kennedy, a minor, by Dale Kennedy, her next friend, against Smiley Burnett and William R. Alexander. Other defendants were originally involved but the case has been disposed of as to them. At the close of plaintiff's case the court instructed the jury to find the issues for the defendants and thereafter entered judgment accordingly, from which order this appeal is taken.

The complaint as amended charges that on September 12, 1951, at about 7:30 p. m., plaintiff, a minor of the age of sixteen years, was riding as a guest in a certain automobile operated by one Roger Emerick, who was not the agent and servant of the plaintiff; that such automobile was being driven in an easterly direction upon a durable hard-surfaced road in Schuyler county, Illinois, known as U. S. Route 24 about three miles northeast of the City of Rushville, and that plaintiff had nothing whatever to do with the driving or operation of said automobile, which was being driven in the right-hand traffic lane; that plaintiff was at all times in the exercise of ordinary care; that defendant, Smiley Burnett, through his servant and employee, William R. Alexander, was possessed of and operated a Cadillac automobile with a bright metal trailer at-

207

tached to the rear thereof; that the defendants stopped said Cadillac and trailer so that it was headed in a westerly direction on the south shoulder of said highway; that the automobile in which plaintiff was riding collided with said Cadillac automobile, whereby plaintiff suffered injuries.

The charges of negligence, in addition to what is designated as common-law negligence, relate to the alleged violation of paragraph 185, chapter 95½, Illinois Revised Statutes 1951 [Jones Ill. Stats. Ann. 85.217], in that defendants left said motor vehicle standing unattended on the improved part of said highway immediately adjacent to the south of the paved portion thereof, notwithstanding the fact that it was practicable for said defendants to leave the said motor vehicle on the north side of said highway, or in the alternative, that the defendants left said motor vehicle headed in a westerly direction upon the south shoulder so that there was not twenty feet opposite said motor vehicle for the free passage of the other vehicles, which is alleged to be contrary to said paragraph 185. It is further charged that the defendants negligently failed to carry in such motor vehicle certain flares or other signals capable of producing at least three warning lights, which is alleged to be contrary to the provisions of subparagraph (a) of paragraph 218 of said chapter 95½, [1951] Illinois Revised Statutes [Jones Ill. Stats. Ann. 85.250, subd. (a)], and it is further alleged that the defendants failed to cause such flares or signals to be lighted and placed upon said highway, again allegedly in violation of said paragraph 218.

As to the testimony, the plaintiff Susan Kennedy, by reason of her injuries, had no recollection of the accident. The only occurrence witness who testified was the driver of the car in which the plaintiff was riding, Roger Emerick, who testified that he was traveling easterly from Rushville toward Astoria at about 7 p. m.

on September 12, 1951, at a speed of fifty to sixty miles per hour. It was misting and foggy. As his car came over the crest of the hill he saw someone unidentified about one hundred yards ahead waving a flashlight in the middle of the highway, whereupon he turned his car to the right and when he saw the parking lights of the parked vehicle it was too late and his car crashed into the front end of the Cadillac. There were no flares or signal lights of any kind near the parked vehicle. A few days later he went back to the scene of the collision and estimated that it was three hundred feet from the Cadillac to the crest of the hill; that the north shoulder at the point of the collision was about eight feet wide. On cross-examination he further testified that he was familiar with the road; that the distance from the Cadillac to the crest of the hill could be as much as eight hundred feet, as he had never measured it; that his car was traveling thirty to forty miles per hour just prior to the impact. One Davis, a state police officer, had driven his automobile past the location a short while before the accident. The Cadillac and trailer were parked off of the concrete and onto the south shoulder. There was a pick-up truck back of the trailer, that is to the east, and its headlights were shining toward the trailer. There were no flares or flags anywhere in the highway near the parked Cadillac automobile. He did not at that time stop his automobile or make any suggestions as to moving the parked automobile and trailer, nor as to putting out flares or flags as he considered it unnecessary. The crest of the hill was .2 of a mile west of the scene of the collision. State police officer Robeson likewise testified that it was .2 of a mile from the collision scene to the crest of the hill; that at the collision scene each shoulder was about eight feet wide so that a car could park on either one. Deputy Sheriff Thompson likewise testified that it was .2 of a mile from the collision scene to the crest of the hill;

that the north shoulder at the scene was about eight and a half feet wide and the south shoulder about nine feet wide.

 On the basis of this testimony the trial court took the case from the jury and directed a verdict in favor of the defendants. It is obvious that there is no evidence of any common-law negligence. There is no evidence that either defendant, or anyone by their direction, flashed any sort of a light in the center of the highway and it is not negligence at common law to park on the shoulder off of the improved portion of a highway. The important question in this case is two-fold; First, is there any statutory provision prohibiting parking on the shoulder of an improved highway without using flares or warning signals as required under certain circumstances; and second, is there any statutory provision against parking of a vehicle on the left shoulder rather than the right shoulder of an improved highway. The pertinent section of the statute is found in paragraph 185, chapter 95½ of the 1951 Illinois Revised Statutes as follows:

"Upon any highway outside of a business, residence or suburban district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled part of the highway when it is practical to stop, park, or so leave such vehicle off such part of said highway, but in every event a clear and unobstructed width of at least 20 feet of such part of the highway opposite such standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle be available from a distance of two hundred feet in each direction upon such highway."

Without question from the testimony, after the Cadillac automobile was parked, the entire highway including the north shoulder was unobstructed, which clear

and unobstructed width exceeded twenty feet, and it is equally clear that a view of such stopped vehicle was available from a distance of two hundred feet in each direction. It would seem that the plain meaning of the statute is that the paved or improved or main traveled part of the highway referred only to the concrete slab and has no reference to the shoulders, which are provided for the very purpose of carrying out the intendment of the statute, for which reason no reviewing court in Illinois has been called upon to pass upon so obvious a matter. In the Texas case of *Jackson v. Edmondson* (Tex. Civ. App.), 129 S.W.2d 369, the court has passed upon a statute very similar to the Illinois Act, which was interpreted to mean what this court has suggested, to-wit:

"Manifestly it is the paved or hard surfaced portion of the highway which the statute prohibits the parking of vehicles on. It is a matter of common knowledge, as well as the evidence in the instant case, that the paved or hard surfaced portion of a highway is the 'main travelled portion' of it. It is also common knowledge that the graveled or caliche shoulder to any paved or hard surfaced highway is the place vehicles are usually parked for temporary repairs or to change tires, etc."

It is the opinion of this court that the statute in question has no application to a vehicle parked upon the shoulder of a concrete highway. It is urged that the statute was violated by parking on the left shoulder of the highway, but this court finds no prohibition in the statute as to such act nor any requirement that the right shoulder shall be used for stopping or parking. As to the carrying of flares or signal lights, or the lighting of the same and placing on the highway, it is apparent from what we have heretofore said that the statute has no application when a vehicle is parked upon the shoulder, as this section of the Motor Vehicle Act, para-

graph 218, likewise has reference only to a vehicle parked upon the main traveled portion of a highway.

In view of what has heretofore been stated, it is the opinion of this court that there was no evidence of any negligence on the part of either defendant and the trial court had no choice but to take the case from the jury. The judgment of the circuit court is affirmed.

*Affirmed.*