Florence Wuebbles, Administratrix of Estate of Bernard Wuebbles, Deceased, Appellee, v. Pat Shea, Appellant, and Smith Lamar, Co-appellant.

Opinion filed March 9, 1938.

Pope & Driemeyer, of East St. Louis, for appellant Pat Shea.

Wilbur C. Schwartz, of St. Louis, Mo., M. E. Murray, of Chicago, and Smith & Murray, of Centralia, for appellant Smith Lamar.

Maurice B. Johnston and Jos. B. Schlarman, of Carlyle, for appellee.

Mr. Presiding Justice Stone delivered the opinion of the court.

On the morning of December 8, 1935, Bernard Wuebbles, plaintiff's intestate, was killed in an automobile collision involving three cars, the car which Wuebbles was driving, the car of Pat Shea and the car of Smith Lamar. The collision occurred at the intersection of United States Highway No. 50 and route No. 127 of the State system of durable hard surfaced roads. United States Highway 50 is coincident with Franklin street, running east and west through the city of Carlisle;

route No. 127 is coincident with Twelfth street in said city and runs due north and south. This junction is in the westerly portion of the city of Carlisle. Franklin street, a paved street, is 30 feet wide; Twelfth street, a paved street, is 32 feet wide. The car of the defendant Smith Lamar was standing on the north side of Franklin street some distance from the sidewalk which is on the east side of and parallel with Twelfth street, and was facing west. As to the distance of this car from said sidewalk the witnesses differ. Defendant Lamar was sitting in his car. Defendant Pat Shea was driving his car south on route 127, or Twelfth street, up to the intersection of the two streets or highways. He stopped before entering the intersection and then turned to the left on Franklin street. Plaintiff's intestate was driving his car, which was an old Dodge, east on route 50, or Franklin street, and came into the intersection. He swerved his car to the left to avoid a collision with the car driven by Shea and in so doing his car was impelled over across Franklin street in a northeasterly direction and collided with the still car of Lamar. The door of Wuebbles' car was thrown open and plaintiff's intestate was thrown out upon the curbing there and received injuries from which he died.

Suit was brought in the circuit court of Clinton county against both Pat Shea and Smith Lamar; a trial was had and a verdict rendered in favor of plaintiff and against both defendants. Judgment was rendered upon the verdict against both defendants. The case is brought here by two separate appeals,—first by Pat Shea, defendant appellant, and secondly, by Smith Lamar, defendant and co-appellant.

The complaint contains one count. It charges that the several negligent acts of both defendants jointly caused the death of plaintiff's intestate. It charges against Smith Lamar that in violation of statute he parked his motor vehicle on the north side of Franklin

street within 10 feet of a certain crosswalk running in a north and south direction, parallel with and east of Twelfth street in such a manner as to interfere with the clear and untrammeled use of said Franklin street. The complaint charges several acts of negligence on the part of defendant Pat Shea. It alleges that he drove his car at an excessive rate of speed within the territorial limits of an incorporated city in violation of the statute; that he failed to give the right of way at the intersection; that he drove into the intersection from the north without keeping to the right, and that he otherwise so managed and operated his automobile while crossing said intersection, that the automobile of plaintiff's intestate was forced to run into the automobile of the defendant Smith Lamar.

The defendants filed separate answers each denying all material allegations of the complaint.

Defendant Smith Lamar assigns the following as errors:

1. The court erred:

(a) in refusing to direct a verdict of not guilty as to the defendant, Smith Lamar, at the close of the plaintiff's evidence;

(b) in refusing to direct a verdict of not guilty as to the defendant, Smith Lamar, at the close of all the evidence;

2. The court erred in refusing to give instructions to the jury requested by the defendant Lamar.

3. The court erred in overruling the motion of the defendant, Smith Lamar, for a new trial and in entering judgment on the verdict for the reason that there was no proof of any act of negligence on the part of the defendant, Smith Lamar, which was the proximate cause of any injury and for the further reason that the evidence established that the injury to and death of

plaintiff's intestate resulted directly from his own negligence.

The defendant Pat Shea assigns as errors the following:

I

Plaintiff's intestate was not in the exercise of due care and caution for his own safety;

II

Defendant Pat Shea was not guilty of any negligence and did not violate any of the statutes alleged in the complaint;

III

Defendant Lamar was not guilty of any negligence contributing to the collision and death of Wuebbles. If, as alleged, Lamar was parked too near a crosswalk in violation of the law, it was not a proximate cause of the injury;

IV

The court erred in overruling defendant Pat Shea's motion for directed verdict;

V

The court erred in overruling defendant Smith Lamar's motion for directed verdict;

VI

The court erred in ruling that Smith Lamar was an incompetent witness on behalf of Pat Shea and in refusing to permit Smith Lamar to testify;

VII

The trial court erred in overruling defendant Pat Shea's motion for a new trial.

We are unable to see any causal connection between the alleged violation of the law of the road on the part

of Lamar and the death of plaintiff's intestate. Unless there is some such connection which would make appellant Lamar responsible, then there isn't the slightest suggestion of any negligence on the part of Lamar. Regardless of the statute complained of, or its violation if it was violated, the things that happened would have been exactly the same.

Two independent forces with which Lamar had nothing to do were in action and caused an injury. Not only was the conduct of Lamar not the proximate cause of death of plaintiff's intestate, but no act on the part of Lamar even remotely contributed to the injuries which caused the death. In fact, it is quite apparent from an examination of the record that had Lamar and his automobile not been where they were, the result or the effect on the car of plaintiff's intestate, and probably on other members of his party, would have been worse than it was. His car struck the curb as well as Lamar's car. The position of the car of Lamar did nothing in the way of being an obstruction to either of the other forces. No affirmative act is alleged against Lamar whatever. This is an action in negligence. It was not negligence for Lamar to stop his car where he stopped it, and could only be made so by reason of the fact that it was in violation of the law, if it was in violation of the law, and even so, in order to warrant a recovery there would have to be some conduct on the part of Lamar which in some manner contributed towards the death. We can see nothing of that character on his part. It is, therefore, unnecessary to discuss the legal question as to whether the statute alleged to have been violated was enacted for the protection of persons so situated as plaintiff's intestate, or the question of fact as to whether Lamar's car was parked within 20 feet of the walk as alleged.

In our judgment the trial court should have given the instruction at the close of plaintiff's evidence to find the defendant Lamar not guilty.

The judgment of the trial court as to the defendant Lamar is reversed.

The above conclusion leads us inevitably to a certain decision in this case with reference to the defendant Shea. Shea called Lamar as a witness. The court refused to allow him to testify because of his interest in the case. If he had had an interest in the case, this ruling would have been correct. Where a person sues or defends in a representative capacity a party interested in the outcome of the suit may not testify in his own behalf or in behalf of his coparty as in this case; but if this disqualification is removed by judicial determination, as it should have been in this case, then such party is no longer incompetent. Lamar as a witness called on behalf of Shea was incompetent only because of an erroneous ruling of the trial court, but for which he would have been competent. "If a witness ceases to have an interest in the result of the proceedings he is not incompetent to testify against one suing or being sued in a representative capacity." *Ward v. Williams,* 153 Ill. App. 56. Lamar obviously would have been an important witness in this case. The defendant Shea was entitled to his version of the manner in which the collision and the death ensuing as a result thereof came about. It follows that the defendant Shea did not have that fair and impartial trial of his case which the law demands. The case as to the defendant Shea must be reversed and remanded to the circuit court of Clinton county for another trial.

Under Paragraph 'F' of section 92 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 216; Jones Ill. Stats. Ann. 104.092], although a joint judgment is en-

tered against two defendants in an action for personal injuries, an Appellate Court, in the event that it holds that no cause of action has been established against one defendant may reverse the judgment as to the said defendant, and affirm or reverse and remand said judgment as to the other. *Minnis v. Friend*, 360 Ill. 328.

*Reversed as to defendant Lamar, and reversed and remanded as to defendant Shea.*