Edward Kinsch, Administrator of the Estate of Virginia Kinsch, Deceased, Plaintiff-Appellee, v. Di Vito Construction Company, Inc., a Corporation, Defendant-Appellant.

Gen. No. 49,555.

First District, First Division.

December 14, 1964.

Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago (David Jacker, William H. Symmes and John M. O'Connor, Jr., of counsel), for appellant.

Joe Reiff, of Chicago, for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

In this wrongful death action, plaintiff, Edward Kinsch, as administrator of his wife's estate, seeks to recover damages for himself and his two minor

children. The jury, in response to a special interrogatory, found that the plaintiff had not exercised ordinary care or caution in the operation of his car in which his wife had been a passenger, and they returned a general verdict against defendant in the amount of $18,000. After post-trial motions were denied, a judgment was entered on the verdict.

Defendant, Di Vito Construction Company, contends in this appeal that it was entitled to a directed verdict or a judgment notwithstanding the verdict. In the alternative it is contended that the trial court erred in refusing to apportion the jury's award of general damages so as to eliminate the portion of the award made by the jury to the negligent widower as required by the express provisions of the Illinois Wrongful Death Act.

The defendant principally contends that the negligent conduct of plaintiff constituted the sole proximate cause of the accident as a matter of law. For the purpose of passing on this question we must determine whether there was a complete absence of probative facts to support the conclusion of the jury that the defendant's conduct was a proximate cause of the injury. Lindroth v. Walgreen Co., 407 Ill 121, 94 NE2d 847. In order for this court to determine, as a matter of law, that the defendant's conduct constitutes a passive condition rather than a contributing proximate cause, it must find that there can be no room for any other reasonable inference from the facts. Cohn v. Petroleum Heat & Power Co., 44 Ill App2d 23, 194 NE2d 29. In making these determinations this court does not weigh the evidence or consider its preponderance. Hughes v. Bandy, 404 Ill 74, 87 NE2d 855. We must, however, examine the evidence on this point in its aspect most favorable to the plaintiff together with all reasonable inferences. Johnson v. Skau, 33 Ill App2d 280, 179 NE2d 40.

152

At about 1:45 on the morning of October 16, 1956, Edward Kinsch, with his wife as a passenger, was driving east on Golf Road, a four lane highway. The weather was foggy and it became impossible for him to see more than five feet ahead although his headlights were on. He was travelling about 30 to 35 miles an hour when, he said, "I felt my wheels go off the cement onto the shoulder and all of a sudden, this huge object loomed in front of me and I hit it."

The "huge object" was a solid cement block called a head wall; it was 4 feet high, 8 or 10 feet wide and 8 inches thick and weighed about 10 tons. Witnesses for defendant testified that pursuant to a contract with the Sanitary District they were installing a sewerage system on the north side of Golf Road and were required to remove obstacles, including the head wall, from the sewer's path. Because there was no space for it on the north side of the road, the concrete block in question was removed by defendant to the south side of the highway until approval could be obtained from the State and Sanitary District that the ground had settled sufficiently to allow the concrete block to be moved back to its original position.

It is undisputed that this concrete wall had remained on the south side of the highway for about two to four weeks without any lighting and that on the date of the occurrence there were no signs on the highway warning drivers of its presence or of any construction in the vicinity. The shoulder of Golf Road at the point of this occurrence extended 10 feet from the edge of the pavement. The shoulder was graded level and there was no public lighting in the vicinity. As to the location of the cement block, the evidence is conflicting. Taking only the evidence

153

favoring the plaintiff and excluding the prior allegedly inconsistent deposition evidence by one of the plaintiff's witnesses, we conclude that the cement block was on the shoulder, located approximately 3 to 4 feet from the edge of the pavement.

 Since the jury found that the plaintiff, Edward Kinsch, failed to exercise ordinary care or caution in the operation of his car, and that the defendant was also negligent, the question on liability which this case presents is whether the defendant's negligence was the proximate cause of the injuries. We think that for the purposes of this case the best statement of the law on proximate cause is contained in the Illinois Pattern Jury Instructions, which defines proximate cause as:

> . . . that cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury. (IPI No 15.01)

While the negligent act must be one of the essential causes producing the injury, it need not be the sole, last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time which, in combination with it, causes the injury. Where the concurrent negligence of two persons causes an accident which would have been avoided, but for the negligence of either, the negligence of each is the proximate cause. Bernard v. Elgin, J. & E. Ry. Co., 34 Ill App2d 466, 181 NE2d 613, and cases there cited. Whether the injury follows in a natural or probable sequence from the acts in question is determined on the basis of whether an ordinarily prudent person ought to have foreseen that some injury

154

might occur, although the precise injury which in fact occurred need not have been foreseen. Neering v. Illinois Cent. R. Co., 383 Ill 366, 50 NE2d 497 and cases there cited.

 The question of proximate cause is normally an issue for the jury. Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74. We think that there is sufficient evidence to support the jury's conclusion that the defendant's negligence was the proximate cause of the injuries. It is common knowledge that careful drivers must occasionally use the shoulder of a road as a part of the public highway in emergency and other situations. We think that any prudent man would foresee that by placing a massive obstruction on the shoulder of a road within 3 or 4 feet of the edge of the roadway, without illuminating it or erecting signs warning of its presence, injury might result to those who, in emergency situations or otherwise, might stray from the roadway itself onto the shoulder.

The New York case of Smith v. State, 146 Misc 336, 262 NYS 153 (affd 240 App Div 752, 265 NYS 981), is substantially similar to the case at bar. There the state left a heavy, unlighted tar kettle on the shoulder within 3 to 9 feet of the roadway. There the court stated:

> While it is true that the shoulder of a road is not constructed as a place for vehicles to travel on, yet neither is it constructed as a parking place for the state's highway machinery or other unlighted obstacles for a traveler to collide with if perchance in the nighttime he should be compelled, temporarily, to resort to the shoulder of the road, when passing another vehicle, or for any other sufficient reason. . . . That the state was grossly negligent in the premises here is ap-

parent, and, as it seems to us, beyond all controversy. There is absolutely no excuse for parking highway machinery so close to the traveled portion of the highway as to make such an accident as we are considering here possible. (262 NYS at 157)

The two Illinois cases on which the defendant relies because (in his words) of their "marked factual similarity to the case at bar" are distinguishable. In Crawford v. Central Illinois Public Service Co., 235 Ill App 339, the plaintiff drove over a curb and struck the defendant's utility pole which had been placed between 5½ and 10 inches from the pavement. That case is not like the one at bar. It is much more likely, and hence more foreseeable, that drivers will stray onto the shoulder of a highway than that they will drive onto a parkway which is separated from the street by a curb. In Kennedy v. Burnett, 1 Ill App2d 206, 117 NE2d 303, the plaintiff struck the defendant's car which he had parked on the shoulder of the highway. The court affirmed a directed verdict for the defendant on the grounds that the defendant's action did not constitute negligence, because the court found that a view of the stopped vehicle was available from a distance of 200 feet in each direction. Because it did not find the defendant negligent, the court did not reach the issue of proximate cause.

The defendant next contends that the trial judge erred in refusing to reduce the verdict, which included a share for Edward Kinsch as a beneficiary, by deducting from the jury's gross verdict the percentage share thereof attributable to Kinsch, who the jury found to have been contributorily negligent.

A beneficiary's contributory negligence bars him from any pecuniary recovery under the

156

Illinois Wrongful Death Act. The amount of recovery in the instant case is limited by statute to the sum of $25,000. Ill Rev Stats 1963, c 70, § 2. At the request of defendant the trial judge submitted the special interrogatory involved here. IPI No 31.04 as tendered by both parties reads as follows:

> If you find that the widower Edward Kinsch negligently contributed to cause the death of the decedent, the negligence of that person does not bar recovery by the plaintiff, but in any award you make you may not include damages for any pecuniary injuries suffered by Edward Kinsch.

At a conference on the instructions in which the defendant's counsel withdrew his instruction on the ground that it was an incorrect statement of the law, the court refused the tendered instructions, but permitted the plaintiff's counsel to argue to the jury that the law did not permit Edward Kinsch to recover any damages if they found him to be contributorily negligent, and that if they so found, their verdict should be for the children only. Over defendant's objection, counsel for the plaintiff so argued. Counsel for the defendant did not argue the question of damages to the jury, nor does he claim before us that the verdict is excessive.

A basic issue in this case is whether IPI No 31.04 is a proper statement of the law. That instruction is based on Ill Rev Stats 1963, c 70, § 2 as amended which provides in part:

> The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of agreed settlement, by the county or probate court, as the case may be, to each of the widow and next of kin of such deceased person in the proportion, as determined

157

by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person. . . .

In any such action to recover damages where the wrongful act, neglect or default causing the death occurred on or after July 14, 1955, it shall not be a defense that the death was caused in whole or in part by the contributory negligence of one or more of the beneficiaries on behalf of whom the action is brought. Provided, however, that the amount of damages given shall not include any compensation with reference to the pecuniary injuries resulting from such death, to such contributorily negligent person or persons; and provided, further, that such contributorily negligent person or persons shall not share in any amount recovered in such action.

Counsel for the defendant insists that IPI No 31.04 is an incorrect statement of the law because despite the fact that the statute says that no contributorily negligent dependent can recover and that the proportion of distribution is to be determined by the court, the instruction places upon the jury (not upon the court) the duty of making that proportion by deducting the share of a contributorily negligent dependent. The defendant further argues that since the allegedly improper instruction was not given, the verdict of $18,000 represents a damage award which includes Edward Kinsch's damages and that under the statute the court was bound to deduct Mr. Kinsch's share (60% based on the dependency calculations) and make an award of only $7,200.

We cannot agree with the defendant's reasoning. We hold that IPI No 31.04 is a proper instruction and should have been given to the jury with the special interrogatory. The statute clearly provides that a contributorily negligent beneficiary, Edward Kinsch in the case at bar, should not share in the award made by the jury and we think that they should be so instructed. The jury, after finding the defendant contributorily negligent could then fix the amount of damages suffered by the noncontributorily negligent beneficiaries, here the two minor children, up to the maximum allowed by the statute, here $25,000, if the evidence supports such a finding. The statute clearly does not require the jury or the trial judge to deduct any monies from a verdict in favor of the noncontributorily negligent beneficiaries. A reading of the statute merely requires the trial court to apportion the damages among the noncontributorily negligent beneficiaries.

To hold with the defendant would be to permit the court, after the verdict was returned, to fix the amount of the contributorily negligent beneficiary's share and to deduct it from the jury verdict. This would, in effect, permit the court to determine what share the jury had awarded to the contributorily negligent beneficiary and thereby permit the court to determine the damages for the noncontributorily negligent beneficiaries. This would then improperly place the trial judge in the position of denying the next of kin, who were not at fault, the right to have a jury assess the amount of their pecuniary injuries. Although it was error to refuse to give IPI No 31.04, we do not believe that it was reversible error under the circumstances in this case. Courts of review reverse only for such error as may have

been prejudicial to the complaining party. Unless it can be said that the failure to give an instruction is prejudicial to the rights of the parties, it is not reversible error for the court to refuse such instruction. Clarke v. Storchak, 384 Ill 564, 52 NE2d 229. The trial judge here permitted plaintiff's lawyer to give the substance of IPI No 31.04 in his argument to the jury. Though irregular, it would not appear that the giving of the substance of the instruction in this manner resulted in prejudice to the defendant. On the contrary, it may have been to the benefit of the defendant. From the facts that IPI No 31.04 was argued to the jury and that the jury returned a verdict substantially less than the maximum allowed by the statute, we conclude that the verdict of the jury represents an effort to compensate for the pecuniary loss of only those next of kin who were free from fault.

For the reasons indicated, the judgment of the Circuit Court is affirmed.

Affirmed.

MURPHY, P. J. and KLUCZYNSKI, J., concur.