**Aphrodite F. Sarelas, Plaintiff-Appellant, v. Stanley I. Lerner, a/k/a Stanley J. Lerner, and Matherson-Selig Co., a Corporation, and Chester Stanczyk, Defendants-Appellees.**

**Gen. No. 52,597.**

First District, Third Division.

March 28, 1968.

Eugene P. Meegan, of Chicago, for appellant.

Hubbard, Hubbard, O'Brien & Hall, and Ross, Jacobson & Sorensen, of Chicago (Howard T. Sorensen and Timothy J. Gillick, of counsel), for appellees.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiff's automobile was damaged, and she was allegedly injured, when her automobile was hit from behind on Chicago's Outer Drive on a rainy night in August 1960. The auto which bumped into her belonged to the defendant, Matherson-Selig Co., and was driven by its employee, the defendant Stanley Lerner. In the same collision, the Matherson-Selig auto was hit in the rear by the auto of the defendant Chester Stanczyk.

The plaintiff brought an action for personal injuries and a jury trial was held. The jury returned a verdict against Matherson-Selig, and Lerner and assessed the plaintiff's damages in the sum of $716.50. The jury found the issues in favor of Stanczyk.

The plaintiff appealed from both judgments to the Supreme Court but, upon motion by the defendants, the case was transferred to this court. Apart from the constitutional aspects of her contentions, which the Supreme Court found either nonexistent or insubstantial, the plaintiff claims that the trial court erred in permitting the jury to separate overnight during its deliberations and to resume deliberations the following day. She also claims that someone tampered with the instructions given the jury because handwritten notes appeared on the reverse side of two of them when they were returned to the court upon completion of the jury's deliberations. A third claim is that the court erred in entering a post-appeal order; however, the record shows neither an objection to nor an appeal from this order.

The plaintiff does not challenge the amount of the verdict in her points and authorities or elsewhere in her brief. Inasmuch as she does not contend that the damages awarded her are inadequate, she does not show how she was prejudiced by the errors which she alleges took place in the trial court. Similarly, although she appeals from the judgment in favor of Stanczyk, she neither contends that the verdict was contrary to the evidence nor raises any point as to his liability.

This case is analogous to those where the defendant urges errors which relate to the question of damages but does not contend that the damages are excessive: Powell v. Goldman, 72 Ill App2d 439, 219 NE2d 666 (1966); Gardner v. Railway Exp. Agency, 274 Ill App 626 (1934). In those cases, the court held that the alleged errors were waived.

■ ■ A court of review will reverse for only such error or irregularity as may be prejudicial to the party complaining; it will not reverse for harmless error. Kinsch v. Di Vito Const. Co., Inc., 54 Ill App2d 149, 203 NE2d 621 (1964). In view of the plaintiff's limited assignments of error, it must be concluded that the errors complained of caused her no harm.

The judgments are affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.