DAVID SHEEHAN, Plaintiff-Appellant, *v.* JANESVILLE AUTO TRANSPORT *et al.*, Defendants-Appellees.

First District (1st Division)    No. 80-1974

Opinion filed December 7, 1981.

Propp & Schultz, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Leonidas C. Malleris, of counsel), for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff David Sheehan sustained injuries when his automobile collided with a semi-trailer truck owned by defendant Janesville Auto Transport Company (Janesville), which defendant Dennis Hughes had allegedly parked in a "no parking" zone. The accident occurred when plaintiff swerved his vehicle into the parked truck as he attempted to avoid a collision with an oncoming vehicle that had crossed the center line. Plaintiff sued defendants, alleging that his injuries were proximately caused by the negligence of defendants in (1) parking their unilluminated vehicle in a "no parking" zone, (2) parking their vehicle within an intersection in violation of section 11—1303(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1303(a)(1)), (3) parking their vehicle within 20 feet of the crosswalk at an intersection in violation of section 11—1303(a)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1303(a)(2)), and (4) parking a truck on a residential street for a longer period than necessary for the expeditious loading or unloading

of such vehicle, thereby constituting a nuisance in violation of chapter 27—319 of the Municipal Code of Chicago (Chicago Mun. Code, ch. 27—319 (1958)). Defendants' amended motion for summary judgment was granted by the trial court, and plaintiff appeals. On appeal, plaintiff contends that the pleadings raised a genuine issue as to a material fact whether defendants' illegally parked, unilluminated truck was a proximate cause of the collision which resulted in his injuries.

For the reasons set forth herein, the judgment of the circuit court is affirmed.

Plaintiff instituted the present action for personal injuries resulting from an automobile collision that occurred on June 24, 1973, at approximately 11:30 p.m., while plaintiff was driving in the center eastbound lane on 47th Street near its intersection with St. Louis Avenue. Defendant Hughes, an employee of defendant Janesville, had parked a semi-trailer truck owned by Janesville in the curb eastbound lane on 47th Street near the aforementioned intersection. Plaintiff's vehicle collided with defendants' truck when plaintiff swerved his vehicle from the center lane into the curb lane, as he attempted to avoid a collision with an oncoming westbound vehicle that had crossed the center line. The intersection of St. Louis Avenue with 47th Street is a zigzag-type intersection. As one proceeds eastbound on 47th Street, one comes first to that portion of St. Louis Avenue which is to the south of 47th Street (hereinafter South St. Louis Avenue). As one continues east one comes to that portion of St. Louis Avenue which is to the north of 47th Street (hereinafter North St. Louis Avenue). Defendants' vehicle was parked along the south curb of 47th Street. The rear of the truck was allegedly 10 feet east of the easterly curb of South St. Louis Avenue. The front of the truck allegedly would have been within North St. Louis Avenue if North St. Louis Avenue extended directly south across 47th Street instead of zigzaging.

The trial court granted defendants' amended motion for summary judgment and plaintiff urges that defendants' motion should have been denied because the pleadings raised a genuine issue as to a material fact. (*Cronin v. Delta Air Lines, Inc.* (1974), 19 Ill. App. 3d 1073, 313 N.E.2d 245.) Plaintiff claims that the questions of fact before the court were whether defendants' truck was illegally parked, and if it was, whether the illegally parked, unilluminated truck was a proximate cause of the collision which resulted in his injuries. He urges that these were questions of fact for the jury to determine, thus defendants were not entitled to summary judgment as a matter of law. Plaintiff relies on *Wright v. General Motors Corp.* (7th Cir. 1973), 479 F.2d 52, and *Kinsch v. Di Vito Construction Co.* (1964), 54 Ill. App. 2d 149, 203 N.E.2d 621, in support of his position. In *Wright* the plaintiff was operating a truck manufactured by defendant General Motors Corp. when, due to a defect in the

transmission, the truck went into two gears at once, stopped on a public highway and could not be moved. Plaintiff got out of the truck to make repairs and was struck by a vehicle coming from the opposite direction. The trial court held that as a matter of law defendant's conduct was not the proximate cause of plaintiff's injuries. The court of appeals reversed finding that reasonable minds might differ as to whether plaintiff's conduct in attempting to make emergency repairs on the truck and his being struck by another oncoming vehicle while so engaged interrupted the chain of causation set in motion by defendant's wrongful conduct. The court of appeals stated that "[w]here the question of whether the intervening force or event was a reasonable foreseeable consequence of the defendants' conduct is one over which reasonable men might differ, the issue of proximate causation should never be determined as a matter of law." 479 F.2d 52, 53.

In *Kinsch* defendant had placed a solid cement block on the shoulder of a highway and left it sitting there without illumination or warning signs. On a foggy night plaintiff drove off the roadway onto the shoulder and crashed into the cement block killing his wife and injuring himself. In the wrongful death action that ensued the jury returned a special interrogatory finding Kinsch guilty of contributory negligence, and returned a general verdict in favor of the noncontributorily negligent beneficiaries of Mrs. Kinsch's estate. In affirming the trial court, the appellate court stated that "[w]hether the injury follows in a natural or probable sequence from the acts in question is determined on the basis of whether an ordinarily prudent person ought to have foreseen that some injury might occur, although the precise injury which in fact occurred need not have been foreseen. * * * The question of proximate cause is normally an issue for the jury." 54 Ill. App. 2d 149, 154-55, 203 N.E.2d 621, 624.

In applying the foreseeability test set forth in *Wright* and *Kinsch* to the instant matter, plaintiff urges that when an unilluminated semi-trailer truck was parked illegally within an intersection, the circumstances confronting plaintiff which ultimately resulted in his injury were within the range of foreseeability. For this reason the question of proximate cause should have been an issue for the jury.

Defendants urge that they were entitled to summary judgment as a matter of law because the allegedly illegal parking of their truck was not the proximate cause of plaintiff's injuries. The collision did not occur as the result of the parking of the truck, but because an unknown westbound vehicle crossed the center line and entered the eastbound lane of traffic in which plaintiff was travelling. To avoid the oncoming vehicle plaintiff swerved into the curb lane in which defendants' truck was parked colliding with the truck. Defendants distinguish *Wright* from the instant case. In *Wright* plaintiff's vehicle was parked or stopped in a moving lane

of traffic, as opposed to a parking lane, due to the defective condition of the vehicle allegedly caused by defendant. Thus, in *Wright*, the question of whether the intervening force or event (the vehicle coming from the opposite direction which struck the plaintiff) was a reasonable foreseeable consequence of the defendant's conduct in installing a defective transmission in the truck was one over which reasonable minds might differ. While in the instant action, the parking of defendants' truck in a parking lane did not cause the westbound vehicle to cross the center line, nor did it cause the plaintiff to swerve his vehicle from the center lane of traffic into the curb lane. These acts were independently performed by the driver of the westbound vehicle and the plaintiff, and would have been performed whether or not the truck had been parked in the curb lane. Thus, two independent forces with which defendants had nothing to do were in action and caused plantiff's injuries. *Wuebbles v. Shea* (1938), 294 Ill. App. 157, 13 N.E.2d 646.

In *Wuebbles*, defendant Lamar was parked on the north side of an east-west street, allegedly within 10 feet of the crosswalk in violation of a statute. Plaintiff was travelling east on the same street when a southbound vehicle driven by the co-defendant Shea turned left in front of plaintiff. Plaintiff swerved north to avoid Shea and struck Lamar's vehicle. The appellate court reversed the judgment against Lamar, stating that it was unable to see any causal connection between Lamar's alleged violation of the statute and plaintiff's injury. The appellate court found that "[r]egardless of the statute complained of, or its violation if it was violated, the things that happened would have been exactly the same. Two independent forces with which Lamar had nothing to do were in action and caused an injury." 294 Ill. App. 157, 162, 13 N.E.2d 646, 647. See also *Fultz v. Myers* (1972), 5 Ill. App. 3d 230, 282 N.E.2d 488.

Defendants also distinguish *Kinsch* from the instant matter. *Kinsch* involved a collision between an automobile that had strayed from the highway in foggy weather and an obstruction on the shoulder of the road. The concrete obstruction had remained on the shoulder for about two to four weeks without any lighting, and at the time of the collision there were no signs on the highway warning drivers of its presence or of any construction in the vicinity. Parking is usually prohibited on the shoulder of a highway, except for emergencies. On the other hand, parking is permitted along 47th Street to the east and west of the subject intersection. Thus, while it may be reasonable that the shoulder of the highway should be kept free from obstruction because drivers must occasionally use the shoulder for emergencies, it does not follow that the curb lane must also be kept free. Defendants argue that if the collision between plaintiff's car and defendants' truck was a reasonably foreseeable consequence of the parking of the truck in the curb lane, then anyone who parks in a curb

lane, whether legally or illegally, may expose themselves to possible liability if a motorist swerves into the curb lane and collides with the parked vehicle. Defendants claim that the instant collision was no more reasonably foreseeable to defendants when they parked in a "no parking" zone than it would have been to them had they parked east or west of the intersection where parking was permitted.

■■■ We agree with plaintiff that the purpose of the summary judgment procedure is to render expeditious judgment on a question of law, after first deciding that no genuine issue as to any material fact exists between the parties. (*Cronin v. Delta Air Lines, Inc.*) In this connection we have examined the statute and the ordinance complained of and the trial court record. Since plaintiff has premised his right to recover upon the violation of section 11—1303(a)(1) and (2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1303(a)(1) and (2)), and chapter 27—319 of the Municipal Code of Chicago, we must determine whether he belonged to the class of persons for whose protection and benefit the statute and the ordinance were enacted. The statute complained of provides as follows:

"(a) Except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic control device, no person shall: 1. Stop, stand or park a vehicle: * * * c. Within an intersection; * * *

2. Stand or park a vehicle, whether occupied or not, except momentarily to pick up or discharge passengers: * * * c. Within 20 feet of a crosswalk at an intersection * * *." (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1303 (a)(1) and (2).)

The ordinance complained of provides as follows:

"No person shall stand or park any truck, tractor, semi-trailer, trailer, or bus on any residential street for a longer period than is necessary for the reasonably expeditious loading or unloading of such vehicle, except that a driver of a bus may park such bus in a designated bus stand as is provided otherwise in this chapter.
* * *

Any vehicle parked in violation of this section is hereby declared to be a nuisance which may be abated by any police officer by removing such vehicle to the City vehicle pound or to an authorized garage."

(Chicago Mun. Code, ch. 27—319 (1958).)

The statute and the ordinance in question are silent as to the class of persons for whose benefit they were enacted. In such a case, the application of the subject statute and the subject ordinance to one invoking their protection must be determined from a careful consideration of the provisions of the statute and the ordinance, and of the ends they were manifestly intended to accomplish. (*Davis v. Marathon Oil Co.*

(1976), 64 Ill. 2d 380, 356 N.E.2d 93; *Brunnworth v. Kerens-Donnewald Coal Co.* (1913), 260 Ill. 202, 103 N.E. 178.) In the interpretation and construction of statutes, it is a primary rule that the intention of the legislature should be ascertained and given effect. (*People v. Haron* (1981), 85 Ill. 2d 261, 422 N.E.2d 627; *Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169.) This is done primarily from a consideration of the legislative language itself. (*Western National Bank v. Village of Kildeer.*) The statute in question prohibits parking in or near intersections. A consideration of the legislative language suggests that the intent of this particular statute is to facilitate the free and safe flow of vehicular and pedestrian traffic using the intersection. The instant occurrence did not involve intersecting traffic. The defendants' truck was parked on 47th Street, and of the other two vehicles involved in this incident, one was proceeding east on 47th Street, and the other was proceeding west on 47th Street. Because of the zigzag nature of the 47th Street intersection with St. Louis Avenue, the place where the truck was allegedly parked was within an intersection in an area in which parking was prohibited, while on either side of the intersection parking is permitted in the south curb lane except between the hours of 7 a.m. and 9 a.m. With one exception, all of plaintiff's allegations of negligence are predicated on the truck being parked within an intersection in violation of posted "no parking" signs, and the aforementioned statute. Plaintiff's claim is not based on defendants' interference with the free and safe flow of traffic using the intersection, but on the fortuitous circumstance that the oncoming car crossed the center line at a point where parking in the south curb lane is prohibited. The oncoming car could have crossed the center line at any point along the length of the street, yet parking is generally permitted in the curb lane along 47th Street on either side of the subject intersection. If the aforementioned statute was intended to protect individuals in plaintiff's situation, parking may have been prohibited in the curb lane at every point along 47th Street.

■■ A consideration of the legislative language of chapter 27—319 of the Municipal Code of Chicago suggests that this particular ordinance is not a safety regulation intended to facilitate the free and safe flow of traffic along the street. The intent of the ordinance appears to be to promote the residential character of the street by declaring it a nuisance for certain vehicles to park on the street for long periods of time.

■■ The trial court was correct in entering a summary judgment finding that as a matter of law the parking of defendants' truck in a curb lane in violation of section 11—1303(a)(1) and (2) (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1303(a)(1) and (2)), and in violation of chapter 27—319 of the Municipal Code of Chicago, did not cause the westbound vehicle to cross the center line, nor did it cause the plaintiff to swerve his vehicle from the

center lane of traffic into the curb lane. The trial court was also correct in its finding that two independent forces caused plaintiff's injuries, and defendant had nothing to do with said forces, and that regardless of the statute and ordinance complained of or their alleged violations, the events that occurred would not have been reasonably foreseeable. *Fultz v. Myers*; *Wuebbles v. Shea*.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

GOLDBERG and McGLOON, JJ., concur.