ROBERT LONG *et al.*, Plaintiffs-Appellants, *v.* TIMOTHY SODERQUIST *et al.*, Defendants-Appellees.

Second District   Nos. 83—478, 83—775 cons.

Opinion filed August 21, 1984.

M. Rose Kelly and Thomas A. Moore, both of Francis J. Valentine & Associates, of Chicago, for appellants.

Glen H. Carrier, of Speer & Associates, of Wheaton, Kevin F. Donohue, of Sweeney & Riman, Ltd., of Chicago, and Kristine A. Karlin, of Judge & Knight, of Park Ridge, for appellees.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The plaintiffs, Robert Long and Linda Long, collided with the vehicle of defendant Timothy Soderquist and suffered personal injuries. Soderquist had stopped to render assistance behind the vehicle of defendant Janet M. Berndston, who had collided with a guardrail. The Longs sued Soderquist and Berndston and also joined as defendants Dennis Guzlas, a deputy sheriff who was present at the scene of the

accident, his employer, Richard P. Doria as sheriff, and the county of Du Page. Each of the parties filed a motion for summary judgment. The plaintiffs' motion was denied, that of each defendant granted, and plaintiffs appeal. The plaintiffs also purport to appeal from the dismissal of counts V and VII of their complaint alleging negligence against the deputy, the sheriff, and the county.

The accident which underlies this litigation occurred at approximately 1 a.m. on November 10, 1979, on Route 64, a four-lane highway, east of Powis Road in Du Page County. The weather was cold and snowy, with temperatures below freezing; the bridge at the top of the hill near the scene of the accident was covered with ice. When Deputy Guzlas arrived at the scene of the accident, he saw two vehicles on the north side of Route 64, facing west, very close to the guardrail on the right-hand side of the road. He spoke with the drivers of both cars and was informed that there had been a minor scrape on the guardrail from the first vehicle (Berndston's), that the second vehicle (Soderquist's) had merely stopped to render assistance, that it was not involved in the accident, and that no one was injured. Moments later, Deputy Guzlas observed an accident at the intersection of Powis Road and Route 64. He then instructed Berndston and Soderquist to remain off the roadway, and advised them that he would return after he checked for injuries at the scene of the second incident. Although he carried in his vehicle a dependable flashlight, flares, and a red traffic wand attachment for the flashlight, Deputy Guzlas testified that no flares were put out because he was not at the scene long enough to do so.

The accident in this suit occurred at the location of the first accident minutes after Deputy Guzlas left the scene. He heard the impact and called for assistance. After ascertaining that there were no serious injuries in the second accident and instructing both drivers to remove their vehicles from the roadway and into a nearby parking area, he returned to the scene of the first accident and positioned his vehicle on the crest of the hill to protect the scene. He attended to the injured in the other vehicles while the other deputy who had been called to the scene put out flares.

Plaintiff Robert Long advised Deputy Guzlas that he was driving westbound on Route 64 and lost control of his vehicle when he crested the hill, thereby colliding with the Soderquist vehicle. That impact forced the Soderquist vehicle to collide with the Berndston vehicle.

Plaintiffs filed an eight-count complaint against defendants Soderquist, Berndston, Guzlas, Doria, and the county of Du Page. Counts I and III charge defendant Soderquist with negligence in parking his

unlighted automobile partly on the roadway. Counts II and IV charge defendant Berndston with negligence in leaving her stalled, unlighted automobile on the main traveled portion of the highway. Counts V and VII charge the county defendants (Deputy Guzlas, Sheriff Doria, and the county of Du Page) with negligence in failing to light flares near the Berndston and Soderquist vehicles, failing to direct the drivers to remove their vehicles from the highway, failing to warn of the presence of the vehicles on the highway, and failing to call for assistance in the matter. Counts VI and VIII, subsequently amended, charge the county defendants with wilful and wanton misconduct for the same acts or omissions.

## I

■ We first address the dismissal of counts V and VII of the complaint. From our review of the record it appears that this claim of error was not included in the plaintiffs' notice of appeal and that we have no jurisdiction to decide it. An order was entered granting the county defendants' motion for summary judgment as to counts VI and VIII and dismissing counts V and VII with prejudice. The notices of appeal as to the county defendants appeal only from the judgments granting their motions for summary judgment. Thus, there has been no timely appeal from the dismissal of counts V and VII, and that question is not now before us. See Supreme Court Rule 303(c)(2) (94 Ill. 2d R. 303(c) (2)); *Illinois Central Gulf R.R. Co. v. Sankey Brothers, Inc.* (1979), 78 Ill. 2d 56, 61; *E. M. Melahn Construction Co. v. Village of Carpentersville* (1981), 100 Ill. App. 3d 544, 548.

## II

■ Plaintiffs contend that the trial judge, in granting the motion of defendant Soderquist for summary judgment, erroneously reviewed the evidence under the *Pedrick* rule (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510), applicable to directed verdicts and judgments notwithstanding the verdict, instead of under the standards for summary judgment. While the trial judge's memorandum opinion refers to *Pedrick*, a reviewing court may affirm a correct judgment even if the trial court's reasoning is incorrect. (See, *e.g.*, *Miller v. Board of Education* (1983), 119 Ill. App. 3d 88, 93.) We consider the case pursuant to the law applicable to summary judgment. See Ill. Rev. Stat. 1983, ch. 110, par. 2—1005; *Tunk v. Village of Willow Springs* (1983), 120 Ill. App. 3d 800, 804.

Plaintiffs assert that summary judgment is improper since there are numerous material factual issues in dispute, (1) whether and to

what extent defendant Soderquist's automobile protruded onto the highway, (2) whether the lights on Soderquist's automobile were illuminated, (3) whether the plaintiff driver could have avoided the accident, (4) whether the lights on Berndston's automobile were illuminated, and (5) whether Deputy Guzlas acted improperly. They maintain that these questions are material-fact issues which cannot be decided as a matter of law, but rather should be submitted to a jury for determination.

In support of their position that there are material facts in dispute, the plaintiffs cite extensively to the deposition transcripts of Soderquist and Robert Long. These deposition transcripts, however, are not part of the record on appeal.

The deposition taken of Deputy Guzlas is a part of the record on appeal. He testified that there was ice present on the road, particularly in the area of the bridge. The vehicles of Soderquist and Berndston were located on the north side of Route 64, west of the crest of the hill. Guzlas saw the vehicles when his car arrived near the crest of the hill. He testified that the vehicles were not completely off the road and that there is a bridge guardrail separated from the road by what would not be a "full, normal shoulder," but what one might call "a three-quarter shoulder or thereabouts." He said that there was "not quite full room to be up against [the guardrail] and to be completely off the road." His best estimation was that the vehicles may have been one foot onto the road. Guzlas stated that as he was talking to Soderquist and Berndston he heard an automobile horn, observed a vehicle coming through the traffic light eastbound at the intersection of Powis Road and Route 64, saw another vehicle pulling in front of it, and watched an accident occur. He testified that he told Soderquist and Berndston to remain off to the side of the road while he went to check for injuries in what appeared to him to be a serious accident. He said that just a minute or so after he arrived at the scene of the second incident he heard the impact of the accident involved in this suit.

Guzlas also testified in his deposition that when he returned to the crest of the hill he talked to Robert Long, who said he had been westbound on Route 64 in the outside lane when he crested the hill, lost control of his vehicle and struck the Soderquist car. He further testified that the taillights were on the Soderquist and Berndston vehicles when he left the scene to investigate the second accident and that when he returned there, "[t]o the best of my knowledge, they were still activated ***," although he did not have an independent recollection.

■ In the absence of the depositions of Soderquist and Long, we cannot fully determine if any material facts are disputed. However, considering the deposition of Guzlas and resolving any doubts arising from the incompleteness of the record against the appellant (*e.g.*, *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 661), we must presume that the trial judge ruled correctly in granting summary judgment in favor of the defendants. See, *e.g.*, *In re Jones* (1980), 85 Ill. App. 3d 1122, 1127.

■ The crucial finding of the trial judge, in his conclusion that the actions of Soderquist and Berndston could not be considered the proximate cause of plaintiffs' injuries or damages as a matter of law, was that the evidence showed that as Long crested the hill he lost control of his vehicle and that he could have done nothing different to avoid the collision even if he had known of the presence of the Soderquist and Berndston vehicles. We find nothing in the record before us that contradicts that conclusion or raises any substantial issue of fact contrary to it. (See *Sheehan v. Janesville Auto Transport* (1981), 102 Ill. App. 3d 507, 513—14.) Since it is undisputed that the Long vehicle slipped on the icy bridge at the crest of the hill, and was thereafter out of control, the Soderquist and Berndston vehicles, regardless of their precise placement, cannot be said to be a proximate cause of the collision. Accordingly, the trial court's entry of summary judgment in favor of defendants Soderquist and Berndston was proper.

### III

■ Counts VI and VIII of the complaint, upon which summary judgment was granted in favor of the county defendants, alleged wilful and wanton misconduct arising from Deputy Guzlas' failure to light flares near the Berndston and Soderquist vehicles, failure to direct the drivers to remove their vehicles from the highway, failure to warn of the presence of the vehicles on the highway, and failure to call for assistance. The county defendants respond that they are immune from any liability under section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1983, ch. 85, par. 4—102), and, in any event, that Guzlas' conduct cannot be viewed as wilful and wanton. The trial court disagreed that the county defendants were immune under section 4—102, but found that the alleged actions or omissions did not constitute wilful and wanton misconduct.

Section 4—102 of the Act provides:

"Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide

police protection service or, if police protection service is provided, for *failure to provide adequate police protection or service,* failure to prevent the commission of crimes and failure to apprehend criminals." (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 85, par. 4—102.)

Although a municipality is generally not liable for failure to provide adequate police protection or service, this rule does not apply where the police have assumed a special duty to a person that elevates his status to something more than a member of the general public. (See, *e.g., Huey v. Town of Cicero* (1968), 41 Ill. 2d 361.) The "special duty" exception requires the following: (1) the municipality must be uniquely aware of the particular danger or risk to which plaintiff is exposed; (2) there must be allegations of specific acts or omissions on the part of the municipality; (3) the specific acts or omissions must be either affirmative or wilful in nature; and (4) the injury must occur while the plaintiff is under the direct and immediate control of employees or agents of the municipality. *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 176.

The trial judge concluded that a special duty relationship existed between the plaintiffs and the county defendants, and that section 4—102 of the Act was, therefore, not applicable. Instead, he applied section 2—202, which generally provides an action against a public employee for an act in enforcement of law only if wilful and wanton conduct is proved (Ill. Rev. Stat. 1983, ch. 85, par. 2—202; see also *Jamison v. City of Chicago* (1977), 48 Ill. App. 3d 567, 569-70), but found no showing of wilfulness.

Here, there are no allegations in either the original or amended complaint which state that plaintiffs were injured while they were under the direct and immediate control of Deputy Guzlas. Thus, counts V and VII of the complaint fail to show a "special duty" relationship between the parties. We conclude that the county defendants are immune from liability under section 4—102 of the Local Governmental and Governmental Employees Tort Immunity Act. (See *Marvin v. Chicago Transit Authority* (1983), 113 Ill. App. 3d 172, 176-77; accord, *Neider v. Gacy* (1984), 121 Ill. App. 3d 854, 856-57.) As to those counts, also, the court properly entered its order of summary judgment.

The judgments of the circuit court of Du Page County are affirmed.

Affirmed.

LINDBERG and NASH, JJ., concur.