ARLENE BOGOVICH, Indiv. and as Adm'r of the Estate of Zlatko Bo-
govich, Deceased, Plaintiff-Appellant, v. NALCO CHEMICAL COMPANY,
Defendant-Appellee.

First District (1st Division)   No. 1—90—1125

Opinion filed April 29, 1991.

Peraica & Della Rose, P.C., of Chicago (Anthony J. Peraica, of counsel),
for appellant.

Sanchez & Daniels, of Chicago (Manuel Sanchez, Lori S. Yokoyama, and Daniel A. Celske, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Arlene Bogovich, individually and as administrator of the estate of Zlatko Bogovich, deceased (plaintiff), appeals from an order of the circuit court of Cook County which granted defendant Nalco Chemical Company's motion for summary judgment on the ground that the vehicular collision between decedent's vehicle and defendant's parked truck was not proximately caused by defendant's alleged negligence. Plaintiff's sole contention on appeal is that summary judgment was improperly granted because the undisputed facts create a triable issue on the element of proximate cause. We affirm.

The undisputed facts show that on November 5, 1987, between 6 and 7 p.m., the deceased was driving a 1978 Malibu stationwagon east on 65th Street in Bedford Park, Illinois. Sixty-fifth Street is an east-west street with two lanes of traffic in each direction; a median strip one inch high separates opposing traffic. Defendant's semi-trailer truck was parked facing west on the median, one foot off the street, and was not interfering or obstructing traffic in either direction. The truck's parking lights were activated and the driver's compartment was unoccupied.

What happened next is described by Lillian Warrington, the only eyewitness, and Robert Weslowski, a paramedic who arrived at the scene shortly after the accident. Warrington testified at her deposition that just prior to the accident, she was proceeding east on 65th Street about four to five blocks behind decedent's automobile. The street was well lit and she had a clear and unobstructed view. She observed decedent's automobile make a sharp turn from the right-hand lane in which it was travelling and proceed across the left-hand lane and into the median strip where it collided with defendant's parked vehicle. Decedent did not at any time signal that he was going to make a turn.

Weslowski testified in his deposition that decedent told him that he passed out before the collision and does not remember anything prior to its occurrence. Police officers called to the scene issued no traffic citation to defendant. The deceased received an improper lane usage citation; however, upon his death, the citation was voided.

On August 3, 1988, plaintiff filed her complaint against defendant. alleging that defendant breached its duty of care to decedent by: (1) operating a vehicle on a public highway not designed for such use and

without proper registration; (2) failing to keep a proper lookout; and (3) abandoning or parking a vehicle in violation of Illinois motor vehicle laws. On April 11, 1990, the circuit court granted defendant's motion for summary judgment on the issue of proximate cause. While the transcript of the summary judgment proceeding is not in the record, the circuit court apparently adopted defendant's argument that decedent's loss of consciousness was the sole proximate cause of the collision.

To recover in negligence actions, a plaintiff must establish that defendant owed a duty to plaintiff and that the breach of this duty proximately caused the injuries of which plaintiff complains. (*Merlo v. Public Service Co.* (1942), 381 Ill. 300, 312, 45 N.E.2d 665, 673.) While the element of proximate cause is ordinarily a question of fact for the jury (*Kinsch v. Di Vito Construction Co.* (1964), 54 Ill. App. 2d 149, 155, 203 N.E.2d 621, 624), summary judgment is proper where the facts are undisputed and there is no difference in the judgment of reasonable men as to the inferences to be drawn. *Merlo*, 381 Ill. at 318, 45 N.E.2d at 675.

Proximate cause has been defined as that cause which, in natural or probable sequence, produces the complained-of injury. (*Kinsch*, 54 Ill. App. 2d at 154, 203 N.E.2d at 624; see also Illinois Pattern Jury Instructions, Civil, No. 15.01 (3d ed. 1990).) An injury follows in a natural or probable sequence from the acts in question if an ordinary prudent person ought to have foreseen that some injury might occur, although the precise injury which in fact occurred need not have been foreseen. *Kinsch*, 54 Ill. App. 2d at 154-55, 203 N.E.2d at 624.

In this case, plaintiff contends that summary judgment was improper because if defendant's heavy-duty vehicle had not been parked on the median, plaintiff would have possibly struck a substantially smaller vehicle, the curb, or the other side of the street, thereby causing less significant injuries. Plaintiff further asserts that defendant's negligence in (1) straddling the median with an off-road, unlicensed vehicle in violation of Illinois motor vehicle laws, and (2) operating on a public roadway a truck neither designed by the manufacturer for such use nor permitted under Illinois law was a proximate cause of decedent's injuries.

Plaintiff principally relies on *Kinsch* (54 Ill. App. 2d 149, 203 N.E.2d 621) to support her assertions. In *Kinsch*, defendant temporarily deposited a 10-ton cement block measuring four by eight feet and eight inches thick along the south side of Golf Road approximately three to four feet from the edge of the street. The block re-

mained in that location for two to four weeks and was unaccompanied by any warning lights or signs. No public lighting existed in the vicinity. In the early morning hours of October 1956, plaintiff was travelling about 30 to 35 miles per hour in very foggy conditions with his headlights on, but could not see more than five feet ahead of his car. Plaintiff lost control of his vehicle, entered the shoulder area and struck the block.

In affirming the jury verdict in favor of plaintiff, the court addressed the issue of whether defendant's negligence proximately caused plaintiff's injuries. In finding causation to exist, the court stated:

> "We think that there is sufficient evidence to support the jury's conclusion that the defendant's negligence was the proximate cause of the injuries. It is common knowledge that careful drivers must occasionally use the shoulder of a road as a part of the public highway in emergency and other situations. We think that any prudent man would foresee that by placing a massive obstruction on the shoulder of a road within 3 or 4 feet of the edge of the roadway, without illuminating it or erecting signs warning of its presence, injury might result to those who, in emergency situations or otherwise, might stray from the roadway itself onto the shoulder." *Kinsch*, 54 Ill. App. 2d at 155, 203 N.E.2d at 624.

We find *Kinsch* distinguishable from the present case. While in *Kinsch*, a difference in the judgment of reasonable persons exists as to the inferences to be drawn from the facts, no such difference exists as to the facts in this case. First, in *Kinsch*, motorists were given no warnings of the existence of the cement block. This lack of warnings was aggravated by the weather conditions. On the night of the collision, fog precluded vision. In this case, the prevailing weather conditions did nothing to obscure the truck; it was readily observable due to its size, location, and flashing warning lights. Second, in *Kinsch*, the block had been present for a considerable period and was located a mere few feet from the edge of the street on the shoulder. The location of the block, the length of time it was so located, and the lack of warnings made it reasonably foreseeable that a motorist would slightly stray onto the shoulder and collide with the block in the normal course of everyday travel, which assumes occasional bad weather. In other words, in *Kinsch*, the harm that ultimately transpired was within the scope of risk initially created. Here, in contrast, defendant's truck was temporarily parked, highly visible, and had its warning lights activated. These factors, while providing a condition by

which an injury was made *possible,* did not combine to make defendant's conduct a proximate cause of the collision, which transpired when decedent unforeseeably lost control of his vehicle due to unconsciousness. As our supreme court stated in *Merlo:*

> "*** [I]f the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent, independent act of a third person, the creation of the condition is not the proximate cause of the injury." *Merlo,* 381 Ill. at 316, 45 N.E.2d at 675.

A more factually analogous case than *Kinsch* is *Long v. Soderquist* (1984), 126 Ill. App. 3d 1059, 467 N.E.2d 1153. In *Long,* the appellate court ruled that the placement of defendant's vehicle was not a proximate cause of a subsequent collision as a matter of law. There, defendant Soderquist had parked his vehicle on the shoulder of an icy road near the crest of a hill for the purpose of rendering assistance to defendant Berndston, whose vehicle had struck the guardrail. Soderquist's vehicle had its tail lights on, but extended into the road approximately one foot due to an incomplete shoulder. As plaintiff's vehicle crested the hill, plaintiff lost control on the ice and struck defendant Soderquist's vehicle. In affirming defendants' summary judgment motions, the appellate court found crucial the evidence that plaintiff could have done nothing different to avoid the collision even if he had known of the presence of defendants' vehicles. *Long,* 126 Ill. App. 3d at 1064, 467 N.E.2d at 1156.

Consistent with *Long* is *Sheehan v. Janesville Auto Transport* (1981), 102 Ill. App. 3d 507, 430 N.E.2d 131. In *Sheehan,* plaintiff's vehicle collided with defendant's truck when plaintiff swerved from the center lane into the curb lane where the truck was parked in an attempt to avoid a collision with an oncoming vehicle that had crossed the center line. On appeal from the circuit court's grant of defendant's motion for summary judgment, the plaintiff contended that a genuine issue of material fact existed as to whether defendant's illegally parked, unilluminated truck was a proximate cause of the collision. In affirming the circuit court, the appellate court held that defendant's vehicle, even if parked illegally, had nothing to do with the collision because the two moving vehicles acted independently to cause the collision. *Sheehan,* 102 Ill. App. 3d at 511, 430 N.E.2d at 133; see also *Wuebbles v. Shea* (1938), 294 Ill. App. 157, 13 N.E.2d 646 (reaching same conclusion under a similar factual setting).

■ In conclusion, we find that in accordance with Illinois case law, decedent's loss of consciousness and subsequent loss of vehicular

control operated as an unforeseeable, independent act which relieved defendant of any liability for its alleged negligent conduct, including the alleged statutory violations. To hold otherwise would charge motorists with the impossible duty of protecting against the unforeseeable loss of consciousness of fellow motorists.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

MANNING, P.J., and CAMPBELL, J., concur.